## FEDERAL LAND BANK OF SPRINGFIELD, MASS. *v.* ROYAL C. FLANDERS ET UX.

January Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 7, 1933.

206

*C. O. Granai* for the defendants.

*Wilson & Keyser* and *J. Ward Carver* for the plaintiff.

SLACK, J. This is a petition for foreclosure of a mortgage on real estate in Orange given by defendants to plaintiff in February, 1923. Plaintiff had a decree below, and the case is here on defendants' exceptions and appeal.

The mortgage provides, among other things, that the mortgagors "shall pay when due all taxes, liens, and assessments lawfully made or assessed on the granted premises," etc., and that if they fail so to do the mortgagee may pay the same and add the amount thereof, together with all costs connected therewith, to the amount of the note to secure the payment of which the mortgage was given, and that the amount so paid shall be secured by the mortgage and shall be payable on demand, etc. The mortgage further provides that "upon any default in the performance or observance of any of the conditions or covenants of this mortgage the whole of said mortgage debt shall, at the option of the grantee, its successors or assigns, become due and payable forthwith."

The defendants failed to pay the 1928 taxes on the property. The plaintiff paid them and thereupon brought these proceedings. The nonpayment of such taxes by the defendants

is the only breach of the mortgage relied upon by the plaintiff.

The defendants filed an answer challenging the validity of the taxes and the validity of the steps taken by the officials of Orange to collect them. A hearing on the merits was had before a chancellor who found and stated the facts and entered a decree as above stated.

The plaintiff showed by one Hayes that as collector of taxes in Orange he had these taxes for collection; that defendants failed to pay them and that plaintiff paid them early in January, 1931, and rested. Thereupon defendants moved, in effect, for a decree dismissing the petition on the grounds that plaintiff had failed to show that the taxes were lawfully assessed, or that the requisite steps had been taken to collect them. The court held that plaintiff had made a *prima facie* case and denied the motion, to which defendants excepted. Defendants waived this exception by introducing evidence which they claimed showed the defects in taxes and the proceedings to collect them which they relied upon. At the close of all the evidence, defendants renewed their motion; it was denied, and they excepted. They were not entitled to have either motion granted for the reasons pointed out in *Raithel* v. *Hall*, 99 Vt. 65, 69, 130 Atl. 749; *Conn Boston Co.* v. *E. T. Griswold*, 104 Vt. 89, 157 Atl. 57, and *Kennedy et al.* v. *Robinson*, 104 Vt. 374, 160 Atl. 170. It is doubtful if the question defendants attempted to raise by these motions, namely, whether plaintiff had the burden of showing the validity of the taxes, and that the steps necessary to collect them had been followed, is saved by any exception; but since both parties have treated it as for review by briefing it, and because of its importance, we have considered it. The language of the mortgage leaves no doubt respecting this question. By its terms defendants agreed to pay *when due* taxes *lawfully* assessed, and upon their failure so to do plaintiff had the right to pay them. This cast upon the plaintiff the burden of showing that the taxes were lawfully assessed, and that they were due when it paid them. This is too plain to admit of argument. The court erred in holding otherwise. It does not necessarily follow that the case must go back for a retrial, or that the decree should not be affirmed. The defendants introduced before the chancellor such evidence as they desired regarding the claimed defects in the assessment of the taxes as well as in the proceedings to collect them, and if the findings that are sus-

tained support the decree, it must stand, irrespective of who produced the evidence upon which they were made.

The defendants excepted to the finding that they executed and delivered to plaintiff the mortgage in question on the ground that the mortgage was the only evidence of such fact and that that was not admitted. This exception is frivolous. While the record does not show that the court said "admitted," or "received," or a word of like import when the mortgage was offered, it does show that counsel for defendants said that he did not know that he had any objection to it, and that it was thereafter treated by everyone as in the case. Furthermore, its execution and delivery are admitted in the answer.

It is found that the notice to taxpayers required by G. L. 784, subd. III, did not designate the place where the listers would hear taxpayers respecting their grievances, if any, regarding their lists.

It is urged that because of this omission the taxes against defendants were invalid. This would be so if nothing further appeared. But it is found that defendant, Royal C. (and defendants treat both as standing alike) appeared before the listers on the day designated in such notice, at the place of their meeting, namely, the town hall in Orange, and was fully heard on his claim that his grand list so far as it related to the property in question was too high—the only question raised by him as far as appears. It is further found that from the action of the listers respecting this matter he appealed to the board of civil authority and that he appeared before the latter board and was fully heard. In the circumstances the defendants will be treated as having waived the defect in the notice now complained of. The question is analogous to those relating to certain defects in process. *Andrew* v. *Andrew,* 62 Vt. 495, 20 Atl. 817; *Weed Sewing Machine Co.* v. *Boutelle,* 56 Vt. 570, 48 A. R. 821; *Huntley* v. *Henry,* 37 Vt. 165. It is said in *Weed Sewing Machine Co.* v. *Boutelle* "It matters not whether they (the trustees) were ever served with process, so long as they are voluntarily in court, by attorney, defending their rights." See, too, *Robinson* v. *Winch,* 66 Vt. 110, 28 Atl. 884, and *Brock* v. *Town of Barnet,* 57 Vt. 172.

It is found that one Bisson who acted, or attempted to act, as a member of the board of civil authority that heard defendants' appeal had not filed a copy of his oath of office as

justice of the peace with the clerk of the county as required by G. L. 1655. It is urged by defendants that Bisson was disqualified, and that his attempted action with the board vitiated its action. That he was not qualified to act we entertain no doubt. He was not disqualified because he never had qualified. He stood like any outsider who might have assumed to act, without authority. What he did went for naught, and will be disregarded unless the action of the board depended upon his action. That it did not is clearly apparent. G. L. 3990 provides who shall constitute the board of civil authority, and that the acts of a majority of the board present shall be treated as the acts of the board. It is found that six members of the board whose qualifications are not questioned were present at the hearing, and that five votes were cast in favor of sustaining the action of the listers regarding defendants' list, and two were against sustaining their action. Bisson voted. How he voted does not appear. But it is immaterial since it is obvious that a majority of those qualified to act voted to sustain the listers. This exception is without merit.

 ██ It is found that the town of Orange voted to collect its taxes for 1928 by its treasurer, and that the selectmen made out and delivered to the treasurer a tax bill for that year, but did not attach thereto a warrant for the collection of the taxes contained therein. The defendants contend that these taxes are invalid because the selectmen failed to attach a warrant to such tax bill. The language of G. L. 3970, upon which they base this claim, standing alone, would appear to support their contion. But the procedure to be followed in collecting taxes by the treasurer of a municipality is prescribed by G. L. 889-895. In the case of towns, the selectmen make out and deliver to the treasurer a tax bill; the treasurer thereupon gives notice to the taxpayers calling upon them to pay their taxes within ninety days from the date of such notice; at the expiration of such ninety days he issues a warrant against the "delinquent taxpayers," and delivers it, together with a rate bill of the delinquent taxes, to the collector of taxes, and thereupon the collector proceeds under such warrant. This is, in short, the procedure outlined by this statute. There is no requirement that the selectmen attach a warrant to the tax bill which they furnish the treasurer. There is no occasion for such a warrant, since the treasurer has no authority to enforce the payment of taxes,

and when he turns the delinquent taxes over to the collector the latter proceeds under the warrant issued by the treasurer and not under a warrant issued by the selectmen.

Since this is so, it seems clear that the tax bills to which G. L. 3970 requires the selectmen to attach ''proper'' warrants are the tax bills which they deliver to the collector, and not those which they deliver to the treasurer. Warrants of the selectmen attached to the former tax bills are proper warrants; like warrants attached to the latter would not be proper warrants.

 There came a time, as we have seen, when these taxes were in the hands of the collector for collection which meant, of course, that they were delinquent taxes within the meaning of G. L. 891. They were then, if not before, due, and the defendants having failed to pay them, the plaintiff had the right to do so.

The remaining questions briefed relate to claimed defects in the proceedings by the collector in attempting to collect these taxes or to the failure of the collector to satisfy them out of known personal property of the defendants. None of these questions are relevant to the issue involved and, therefore, they are not considered.

*Decree affirmed with costs, and cause remanded. Let a new time of redemption be fixed.*