ELLA J. WILSON, GEORGE S. WILSON, MARTHA WHIT-
TAKER, JOSEPH WHITTAKER, MAE LEDDER, GEORGE
LOWERY, GERTRUDE LOWERY AND NATIONAL STATE
CORP., A CORPORATION OF THE STATE OF NEW JER-
SEY, PROSECUTORS, v. THE TOWNSHIP COMMITTEE
OF THE TOWNSHIP OF UNION, IN THE COUNTY OF
UNION. THE BOARD OF ADJUSTMENT OF THE TOWN-
SHIP OF UNION, THE BUILDING INSPECTOR OF THE
TOWNSHIP OF UNION AND DAVID RATZMAN, DE-
FENDANTS.

Submitted October 13, 1939—Decided December 14, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PORTER.

For the prosecutors, *Julius Kwalick*.

For the defendants the township committee of the township of Union in the county of Union, the Board of Adjustment of the township of Union and the building inspector of the township of Union, *Charles Wagner*.

For the defendant David Ratzman, *Connolly & Hueston*.

BROGAN, CHIEF JUSTICE. A writ of *certiorari* was allowed to review the issuance of a building permit "recommended by the Board of Adjustment of the Township of Union * * * granted by the Township Committee of the Township of Union * * * and issued by the building inspector * * * on August 24th, 1938, to David Ratzman."

The state of case contains a return to the writ and in addition depositions, the taking of which was allowed by order of the Supreme Court, consented to by counsel for all the parties.

The action complained of is that a variance to the zoning ordinance of the township of Union was ordered by the municipal authorities; and the resolution of the Board of Adjustment, recommending to the township committee "the granting of the variation" of the zoning ordinance "so as to permit the erection of a gasoline station" on certain lots on North avenue, as well as the resolution of the township committee approving "the said recommendation of the Board of Adjustment for a variance in the zoning ordinance of Union Township so as to permit the erection of a gasoline station upon lots" on North avenue, &c., are under review.

The situation existing prior to the variation challenged was that David Ratzman agreed, in writing, to buy said lots from Harry Dill, owner thereof, but only on condition that a permit to erect a gasoline station was obtained. The building inspector having refused to issue such building permit, an application for variation from the requirements of the zoning ordinance, verified by Ratzman, was made stating that he had been authorized by Dill, the owner of the land, to

make the application in his behalf. The matter was placed before the Board of Adjustment.

At a meeting of that board on July 11th, 1938, all of the present prosecutors owning property within a radius of two hundred feet appeared by counsel. Objections to the variance were heard and discussed. No witnesses were sworn. The matter was put off for a week, at which time the board passed one of the resolutions under review, recommending to the township committee that the variance be granted. The resolution recites "that the Board members inspected the premises involved." Counsel for the prosecutors was present when this resolution was adopted.

This recommendation had the consideration of the township committee at its meeting on July 26th; decision was reserved "pending further investigation," &c. Subsequently, on August 23d, the recommendation of the Board of Adjustment was adopted. In the resolution approving the said recommendation it is recited that the governing body had considered the objections, had made investigation of the locality and the adjacent territory, and taken into account "the applicable facts and circumstances." The depositions taken make it quite clear that each of the municipal bodies, whose resolutions are under review, did in fact survey and inspect the neighborhood to be affected by the proposed variance.

The prosecutors argue five reasons for reversal which will be dealt with in the order in which they are argued.

First, it is said that the Board of Adjustment was without jurisdiction to make the recommendation for the change because of improper service of notice on interested property owners. The statute (*R. S.* 40:55-44) requires five days' notice of the time and place for hearing before an adjustment board. It is conceded in the brief of prosecutors that notice was given by registered mail and also that counsel, when the matter was before the board, "waived the informality of the notice given," but the argument is that even though counsel did waive any alleged irregularity in the matter of notice, nonetheless the Board of Adjustment could not acquire juris-

diction by his act. There is no merit in this contention. Notice was admitted. In no instance is it claimed that notice was not received. *Alexander* v. *Rekoon*, 104 *N. J. L.* 1; *McKenna* v. *Harrington Co.*, 96 *N. J. Eq.* 700; *Wilson* v. *Trenton*, 53 *N. J. L.* 645.

Second, it is argued that the Board of Adjustment swore no witnesses, took no testimony, and received nothing in evidence by way of documents or exhibits touching the matter then under consideration. Moreover it is contended that there was nothing before the board to show "that a literal enforcement of the ordinance would work undue hardship or be out of keeping with the general purpose of the zoning ordinance." This argument is made out of the provisions of the pertinent statute (*Pamph. L.* 1928, *ch.* 274, *p.* 701; *R. S.* 40:55-39-C). Reliance is placed on the case of *Fonda* v. *O'Donohue*, 109 *N. J. L.* 584, which held that it was unlawful for the Board of Adjustment to allow a variance in a zoning ordinance without legal evidence before it. The rule laid down in that case is not applicable to the facts and circumstances exhibited here, for the reason that there is unchallenged proof that the Board of Adjustment made its recommendation only after an inspection of the site and a consideration of the neighborhood generally. In the Fonda case, *supra* (at *p.* 587), the learned opinion writer says, "So far as appears, the board made no inspection of the premises or the neighborhood." That is not the case here; the exact opposite is the fact. Nor does the prosecutors' argument under this point take any support from the case of *Schnell* v. *Township of Ocean*, 120 *Id.* 194, which, so far as pertinent, held that the decision of such board must be based on legal evidence. What the board did in this case was, in our view, in harmony with the finding of this court in *Amon* v. *Rahway*, 117 *Id.* 589, approving the judgment of the Rahway adjustment board founded on "the practical and sensible method of examining the physical conditions on the ground." Nor is it necessary that witnesses be sworn in matters of this kind. The statute does not so require; *Cf. Amon* v. *Rahway, supra.* The case of *Schnell* v. *Township of Ocean, supra,* was mani-

festly decided upon the provisions of the ordinance of that municipality as a reading of the opinion will disclose. And the ordinance explicitly provided a standard of procedure for the Board of Adjustment which is lacking in the ordinance under consideration. But the prosecutors contend that the rule in the Amon case does not apply conversely. In that case a variation was refused, and the argument is that the Board of Adjustment, by looking at the premises, cannot visualize the change that will result in the erection of a building. However, the fact is overlooked that in matters of this kind plans and specifications must be presented with these applications and the return to the writ indicates the said exhibits were attached to the application; and that is about all that can be presented in matters of this kind. It takes no more imagination or prevision to conclude that a variance should be refused than it does in looking over a location and the neighborhood to conclude that a variance should be allowed. We find no merit in this point.

Third, it is argued that the respondent Ratzman should not have the permit since he does not own the land in question and has shown no authority to make application for a building permit. We are not persuaded by this argument. In part, this reason for reversal is contrary to fact because, as has been mentioned above, the verified application of Ratz- man expressly showed his authority to make the application for the permit. This view is not in conflict with our judgment in *Krieger* v. *Scott,* 4 *N. J. Mis. R.* 942, or *Malone* v. *Jersey City,* 7 *Id.* 955, upon which prosecutors rely. Rather these cases support our view. See, also, *Slamowitz et al.* v. *Jelleme,* 3 *Id.* 1169, and cases cited therein.

Fourth, it is further contended that the action was illegal because there was no finding that the refusal of the variance to the ordinance would work unnecessary hardship on the applicant. The several resolutions that have been mentioned are a complete answer to this argument. The municipal authorities, to whom the law entrusts matters of this kind, affirmatively approved the petition for variation of the ordinance. Implicit in their resolutions is the finding that the

change will not be "contrary to the popular interest" and in neither municipal body was there any dissenting voice.

Fifth, it is argued that the depositions taken cannot sustain the findings of the Board of Adjustment which were arrived at prior to the taking of the testimony of the several members of the municipal body. It is sufficient to say that the order to take depositions was made with the consent of the parties who now complain about it and, moreover, it is everyday practice that where the action of a statutory tribunal, as here, is under review that the court shall determine disputed questions of fact as well as law and inquire into the facts by depositions taken on notice or in such other manner as is the practice of the court. *R. S.* 2:81-8. A reading of the depositions makes it clear that all of the testimony taken referred to the proceedings of the board prior to the resolution recommending variance and this also was true in the case of the township committee.

The prosecutors conclude by saying that they were denied their day in court as no witnesses were sworn or heard on their behalf. The answer is they might have been and that there is nothing in the record to indicate that the prosecutors offered themselves as witnesses or requested that they be sworn.

We conclude that the respondents are entitled to judgment. The writ will be dismissed, with costs.