HARRY P. PITMAN & others *vs.* CITY OF MEDFORD & others.

Suffolk. November 12, 1942. — December 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Zoning. Land Court,* Jurisdiction, Parties, Zoning. *Jurisdiction,* Zoning. *Notice. Waiver. Municipal Corporations,* By-laws and ordinances.

The Land Court had jurisdiction to determine the validity of an amendment of a city zoning ordinance upon a petition under G. L. (Ter. Ed.) c. 240, § 14A, and c. 185, § 1 (j ½), as inserted by St. 1934, c. 263, by the owner of land affected by the amendment seeking to have it declared valid, where the city filed an answer alleging that the amendment was valid, but others, admitted as respondents, contested the petitioner's claim and allegations.

Objections based on a failure to give notice to certain persons of a hearing before a municipal board were waived by such persons when some of them filed objections with the board to proposed action by it and all of them attended the hearing.

Any citizen acting in good faith may apply to the proper board of a city for an amendment of its zoning ordinance; the fact that such an applicant was only the holder of an option to purchase land which would be affected by the amendment did not render enactment of such an amendment invalid.

PETITION, filed in the Land Court on July 9, 1941.

The case was heard by *Smith,* J.

*F. A. Thayer,* for the petitioners, submitted a brief.

*J. H. Coakley,* (*J. H. Coakley, Jr.,* with him,) for the respondents.

RONAN, J. This is a petition filed in the Land Court in accordance with G. L. (Ter. Ed.) c. 240, § 14A and c. 185, § 1 (j ½), as inserted by St. 1934, c. 263, by the owners of five parcels of land and a person holding options to purchase them, to determine the validity of a zoning ordinance and the extent that said parcels are affected by said ordinance, passed by the board of aldermen and approved by the mayor of the respondent city of Medford, which purported to amend an ordinance by changing the zoning classification of the locus from an "apartment house district" to a "busi-

ness district." One Maggio was permitted to intervene as a party respondent, and thereafter fifty-seven other persons appeared as respondents. Two of them filed a motion to dismiss, challenging the jurisdiction of the court. The judge allowed this motion in so far as the petition sought a review of any discretionary action by the city officials, and denied the motion in so far as it pertained to those portions of the petition that sought a determination of the "legality only of said officials." The judge found that the proceedings of the board of aldermen and the planning board were had in accordance with law and that the amendment to the zoning ordinance was valid and is in full force and effect. All parties excepting the city have taken exceptions to the rulings of the judge. Their bills of exceptions also refer to appeals having been taken by the parties, but no appeal by any party has been entered in this court. As the rulings to which the appeals were taken are included in the bills of exceptions we deal with them as presented by the exceptions.

We now consider the questions raised by the individual respondents.

The locus is situated on Winthrop Square in Medford. It is bounded on three sides by public ways and on the fourth by private property, and comprises about five acres of land. The petitioner Churchill, who holds valid options for the purchase of all this land, is a straw for a department store owner, who, if the amendment is held to be valid, intends to purchase the land and to erect a department store on a portion of it and to use the remainder for a parking area, landscaping, driveways, and other accessory uses. The petitioners seek to have the amendment declared valid. The judge stated that, as a practical matter, one should have such assurance as the law allows that his land may be used for the contemplated purpose before he has incurred a large expenditure in the development of his plans. He ruled that the Land Court had jurisdiction to hear and decide the petition.

The individual respondents contend that the jurisdiction of the Land Court is limited to hearing only such petitions as are filed by a landowner who is aggrieved by a zoning

ordinance which he contends unlawfully restricts the use and occupancy of his land, and that it does not extend to a petition, like the present, seeking an adjudication that the ordinance is valid, for in such a case the interests of the petitioners and the respondent city are not adverse and there is, therefore, no real controversy between the parties of which a court can take cognizance.

General Laws (Ter. Ed.) c. 240, § 14A, in its present form, provides that "The owner of a freehold estate in possession in land may bring a petition in the land court against a city or town wherein such land is situated, which shall not be open to objection on the ground that a mere judgment, order or decree is sought, for determination as to the validity of a municipal ordinance, by-law or regulation, passed or adopted under the provisions of sections twenty-five to thirty A, inclusive, of chapter forty or under any special law relating to zoning, so called, which purports to restrict or limit the present or future use, enjoyment, improvement or development of such land, or any part thereof, or of present or future structures thereon, including alterations or repairs, or for determination of the extent to which any such municipal ordinance, by-law or regulation affects a proposed use, enjoyment, improvement or development of such land by the erection, alteration or repair of structures thereon or otherwise as set forth in such petition. The right to file and prosecute such a petition shall not be affected by the fact that no permit or license to erect structures or to alter, improve or repair existing structures on such land has been applied for, nor by the fact that no architects' plans or drawings for such erection, alteration, improvement or repair have been prepared. The court may make binding determinations of right interpreting such ordinances, by-laws or regulations whether any consequential judgment or relief is or could be claimed or not."

The statute authorizes the Land Court to render a declaratory judgment on the validity of a zoning ordinance or by-law and the extent to which it affects the land of a petitioner. Petitions under the statute must be brought against the city or town in which the land is situated. The

respondent city is therefore the same body that is authorized by G. L. (Ter. Ed.) c. 40, § 30B, inserted by St. 1938, c. 133, § 2, to enforce the provisions of the zoning ordinances and by-laws. *Lexington* v. *Bean,* 272 Mass. 547. *Lexington* v. *Govenar,* 295 Mass. 31. *Wilbur* v. *Newton,* 307 Mass. 191. And, whether in prosecuting a bill to enforce a local zoning regulation or in defending a petition for a declaratory judgment, the city or town acts in a governmental capacity, in the promotion of the public interest and in the protection of the public safety. *Taunton* v. *Taylor,* 116 Mass. 254. *Worcester Board of Health* v. *Tupper,* 210 Mass. 378. *Mayor of Cambridge* v. *Dean,* 300 Mass. 174. *Saugus* v. *B. Perini & Sons, Inc.* 305 Mass. 403. In similar proceedings it was said in *Faulkner* v. *Keene,* 85 N. H. 147, 153, that "the city represents its public. It appears in their behalf and asserts claims for their benefit"; and in *National Transportation Co. Inc.* v. *Toquet,* 123 Conn. 468, 482, it was remarked that "the municipality, made a party to the action, represents the residents and property owners within its boundaries."

Although the owners of lots in the vicinity of the locus were represented by the city, the judge, deeming them to be proper parties to the proceeding, *Wood* v. *Building Commissioner of Boston,* 256 Mass. 238; *Bancroft* v. *Building Commissioner of Boston,* 257 Mass. 82; *Siegemund* v. *Building Commissioner of Boston,* 259 Mass. 329, ordered a citation to issue to show cause why the petition should not be granted. More than fifty individuals appeared as respondents and filed answers which put in issue every material allegation of the petition but which did not raise any issue outside the scope of litigation open to the original parties. Compare *Hallett* v. *Moore,* 282 Mass. 380; *Chandler & Price Co.* v. *Brandtjen & Kluge, Inc.* 296 U. S. 53. The city also filed an answer in which it set forth the validity of the ordinance and left the other allegations in the petition to be proved by the petitioners. A full trial was had upon all the issues raised by these pleadings at which the petitioners were required to prove every fact essential to relief. The individual respondents contested every claim of the petitioners. The nature of the proceeding was not changed by the

fact that the respondent city did not, as did these respondents, require the petitioners to prove the validity of the ordinance. These respondents exercised the same rights as if they had been originally named as respondents. Their contention that the proceedings in the Land Court were not of an adversary nature is not supported by the record. There was no error in the ruling that the Land Court had jurisdiction to determine the validity of the zoning ordinance and extent to which it affected the locus. *Chapman* v. *Troy,* 241 Ala. 637. *National Transportation Co. Inc.* v. *Toquet,* 123 Conn. 468. *Kimberly* v. *Madison,* 127 Conn. 409. *Faulkner* v. *Keene,* 85 N. H. 147. *Bay* v. *Gelvick,* 58 Ohio App. 51.

In dealing with the case as presented by the parties we make no intimation that the Land Court would not have had jurisdiction if the case had been tried solely on the issues presented by the petition and the answer of the city. See *Tyler* v. *Judges of the Court of Registration,* 175 Mass. 71; *Whiteside* v. *Merchants National Bank of Boston,* 284 Mass. 165, 172.

The second contention of the individual respondents is that the written notice by mail of the hearing before the planning board and before the board of aldermen was not given to all those entitled to such notice. Notices of the hearing before the planning board to be held on April 24, 1941, and before the board of aldermen to be held on April 29, 1941, were mailed by the city clerk. The planning board was unable to furnish a report to the board of aldermen in time for the hearing scheduled for April 29, 1941. The matter was set down for hearing before the board of aldermen for June 10, 1941. Notices of this hearing were mailed by the city clerk. The board of aldermen, on April 15, 1941, adopted an order with reference to giving notice of public hearings on applications for amendments to zoning ordinances, by which the city clerk was required to give written notice to "property owners of adjacent property for a distance of three hundred feet, and the owners of other properties within two hundred feet of the land proposed to be included in such change, by registered mail." In each instance notice was given by publication and no-

tices were mailed to those who appeared to be property owners within the designated area as shown by the records of the board of assessors on January 1, 1941. The owners of four parcels who had become owners within the designated area subsequently to January 1, 1941, did not receive any written notice. The individual respondents urge that the failure to give notice to these persons invalidated the proceedings. Although G. L. (Ter. Ed.) c. 40, § 27, as inserted by St. 1933, c. 269, § 1, (see now St. 1941, c. 320), regulating the procedure for making amendments to zoning ordinances, contains no express provisions for the mailing of notices to interested parties — compare G. L. (Ter. Ed.) c. 40, § 30, as inserted by St. 1933, c. 269, § 1, and amended by St. 1935, c. 388 (see now St. 1941, c. 198, §§ 1, 2) regulating procedure for variances and other matters before boards of appeal where provision is made for mailing notices of hearings to owners of property deemed to be affected — we assume the clerk was required to give notice in accordance with the order of the board of aldermen. But upon this record it appears that the owners of three of these four parcels of land filed written objections with the board of aldermen against the passage of the proposed amendment and that the owners of all four lots attended the hearing on June 10, 1941. The judge of the Land Court was warranted in finding that they waived all objections as to notice. *Pickford* v. *Mayor & Aldermen of Lynn,* 98 Mass. 491. *Quinn* v. *Middlesex Electric Light Co.* 140 Mass. 109. *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass. 160. *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486. *Clancy* v. *Wallace,* 288 Mass. 557.

The third contention of the individual respondents is that the petitioner Churchill, who merely held options to purchase the land comprising the locus, did not have sufficient interest to enable him to apply for an amendment to the ordinance.[1] Every citizen acting in good faith has the undoubted right to petition the legislative branch of the city government to change an ordinance and to advance

[1] It appeared that the proceeding for the amendment before the board of aldermen was had upon petition by Churchill only. — REPORTER.

by fair and honorable means the advantages that he believes will accrue from the adoption of the proposed change. *Wheelock* v. *Lowell*, 196 Mass. 220.  *Adams* v. *East Boston Co.* 236 Mass. 121.  *Reuter* v. *Ballard*, 267 Mass. 557.  *Fleming* v. *Dane*, 304 Mass. 46.  *Simon* v. *Needham*, 311 Mass. 560.

We perceive no error in the proceedings in the Land Court nor any necessity for considering the petitioners' exceptions.

> *Petitioners' exceptions waived.*
> *Respondents' exceptions overruled.*