R. I. HOME BUILDERS, INC. *vs.* BUDLONG ROSE COMPANY.

JUNE 16, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

148

FLYNN, C. J. This bill in equity was brought by the owner of certain land located in a residential zoning district to enjoin the respondent from using for business purposes a portion of its land that was situated in the same zoning district. The cause was heard in the superior court on bill, answer and proof, and thereupon a final decree was entered denying and dismissing the bill of complaint. It is before this court on complainant's appeal from that decree.

The material facts alleged in the bill are admitted by the answer or are not disputed. Complainant is the owner of a large tract of land situated in the city of Cranston on the easterly side of Reservoir avenue, which is being developed at great expense solely for residential purposes.

At all times this land has been located in a residential zoning district under the zoning ordinance of that city. Respondent is the owner of another large tract of land, a portion of which fronts on the westerly side of Reservoir avenue directly opposite complainant's land. This likewise was located in the same residential zoning district prior to the purported change here involved.

Respondent petitioned the city council, hereinafter referred to as the council, to change the zone from residence to business to permit the use of a large portion of its lot numbered 779 on assessors' plat 11, section 6, for business purposes. Pursuant to that petition the council began proceedings to amend the existing zoning ordinance in accordance with the enabling act and ordinance. The notice of a hearing to be held for that purpose before the ordinance committee of the council was advertised in The Providence Journal on April 29, May 6 and May 13, 1947, and pursuant to such notice a hearing thereon was held by that committee on May 14.

Complainant as the owner of all the land directly opposite the part of respondent's land here involved and within 100 feet thereof received from the city clerk a letter dated April 29, 1947 giving notice of the proposed hearing. At that hearing complainant was represented by counsel but no objection was made on the ground that the advertised notice was invalid. At the next regular meeting of the council on May 16, 1947, upon recommendation by the ordinance committee as reported by its chairman, it was voted that the ordinance be amended by changing to a business zone the portion of the existing residence zone wherein respondent's land was located. This amendment was made by the council by a vote of 13 to 7, that being an affirmative vote of more than three fifths of the membership thereof as required by the ordinance and provisions of general laws 1938, chapter 342, §2, when a protest had been filed three days before or three days after such a hearing.

On May 19, notwithstanding the previously filed protest of complainant, the ordinance was signed by the mayor and became operative. Shortly thereafter complainant brought in this court a petition for certiorari seeking to quash the action of the council on the ground that it was illegal and void for failure to comply with the provisions of the enabling act requiring that the hearing on the proposed amendment be advertised once a week for three successive weeks. Such petition was denied and dismissed on the ground that in the absence of a pertinent statutory provision this court would not review by certiorari a purely legislative action of the city or town council. *R. I. Home Builders, Inc.* v. *Hunt,* 74 R. I. 255, 259. In the opinion, however, we pointed out that the petitioner was not left without a remedy and that when its rights were injured or substantially threatened with injury by enforcement of the alleged illegal amendment to the zoning ordinance it had ample remedy through ordinary proceedings in equity, if it could establish the illegality of such amendment.

Subsequently complainant brought the instant bill alleging that the purported amendment of the zoning ordinance was illegal and void on the ground that the council had not conformed to certain jurisdictional conditions precedent as provided in §2 of the enabling act; that the proposed amendment permitted a specified wide range of uses by respondent for building and business purposes; and that by virtue of such permitted and proposed uses complainant's rights in and the use of his property were injured or substantially threatened with injury so as to warrant the relief prayed for in the bill.

There are other allegations, contentions, and evidence, but in our judgment the first and controlling question is whether the provisions of the enabling act as to the required notice are mandatory and amount to conditions precedent to a valid exercise by the council of its power to amend the existing zoning ordinance, or whether such provisions

are merely directory and amount only to personal notice to certain remonstrants who may waive them.

The trial justice, adopting the respondent's view, held that the publication of the notice, while not strictly in compliance with the provisions of the enabling act, nevertheless would not serve to invalidate the council's action. The reason assigned is that complainant had actual notice of the hearing and participated therein to such an extent that any irregularity in the notice was waived, citing *Hirsch* v. *Zoning Board of Review,* 56 R. I. 463, *Quinn* v. *Middlesex Electric Light Co.,* 140 Mass. 109, and *Clancy* v. *Wallace,* 288 Mass. 557, 564. To these respondent in argument here has added the cases of *Federal Land Bank of Springfield, Mass.* v. *Flanders,* 105 Vt. 204, *Wilson* v. *Union Township,* 123 N.J.L. 474, and *Pitman* v. *City of Medford,* 312 Mass. 618.

We do not agree with this contention or conclusion. The only authority which the council has to enact a zoning ordinance or to amend an existing ordinance is derived from the enabling act. When the council undertakes to exercise such delegated police powers it is performing a legislative function and is governed by the provisions of the enabling act. G. L. 1938, chap. 342, §2. The pertinent part thereof, which is controlling here, reads as follows: "No such ordinance shall be enacted, amended or repealed until after a public hearing has been held upon the question of the enactment, amendment or repeal of such ordinance, before the city or town council or representative council of such city, as the case may be, or a committee or commission authorized by such city or town council or representative council to investigate and make recommendations concerning such proposed ordinance, who shall give first notice of such public hearing specifying the time and place of such hearing by publication of such notice in a newspaper of general circulation within such city or town at least once each week for 3 successive weeks prior to the date of such hearing, at which hearing opportunity shall be

given all persons interested to be heard upon the matter of the proposed ordinance."

This language is clear and mandatory. The provisions relating to first advertising the notice of public hearing on a proposed amendment are in form and substance mandatory conditions precedent to the proper exercise of the power thus delegated to the council. A failure to conform thereto is not to be treated as a mere irregularity in the service of a personal notice which may be waived. In our judgment such provision is not directory or intended to notify only remonstrants who may actually appear at the hearing, but contemplates other possible remonstrants and is a condition precedent to the jurisdiction or power of the council to make any valid enactment in that regard.

In the instant case it is clear, as found by the trial justice, that the hearing on the proposed amendment was not advertised in compliance with §2 of the statute at least once each week for three successive weeks prior to the date of such hearing. Such a provision required at least twenty-one days actually to intervene between the first notice and the hearing. See *Quinn* v. *McDole,* 28 R. I. 327. Therefore there was a substantial failure to comply with the conditions precedent in the enabling act and the purported amendment was illegal and void. Consequently respondent could derive no legal rights thereunder to use for general business purposes that portion of its property which was located in an existing residential zone.

But respondent contends that the trial justice's conclusion as to the notice and waiver thereof is supported by *Hirsch* v. *Zoning Board of Review, supra,* and by certain cases from other jurisdictions above cited. We have examined these cases and we think all of them are distinguishable. The *Hirsch* case dealt with a petition for exception or variance under the existing zoning ordinance and the board's authority to grant a variance under the act was not questioned. In that case the board was performing a quasi judicial function and the notice, postulating jurisdiction

and being personal and subsequent, could be waived by a remonstrant where, as there, it was actually given and the remonstrant was present or represented at the hearing. In the instant case the council was exercising a legislative power expressly delegated to it under prescribed conditions set forth in the enabling act and compliance therewith was made mandatory by the act.

The cases of *Quinn* v. *Middlesex Electric Light Co.* and *Clancy* v. *Wallace, supra,* are Massachusetts cases and are relied on by respondent and the trial justice. The *Quinn* case dealt with an application for a license, and the *Clancy* case concerned an application for a recount of votes in an election. Neither of these cases concerns zoning and in neither of them does it appear that notice was made a condition to the exercise of jurisdiction by the respondent. In any event each was performing a quasi judicial function and in the circumstances the informality of the personal notice was considered a mere irregularity that was waived by appearance and participation by the complaining party. A similar distinction can be made in *Federal Land Bank of Springfield, Mass.* v. *Flanders, supra,* which concerned a hearing before tax listers.

In *Wilson* v. *Union Township* and *Pitman* v. *City of Medford, supra,* the two cases relied on by respondent wherein a zoning proceeding was involved, the basic power or jurisdiction of the respondent under the act or statute apparently was not questioned or in issue. In the *Wilson* case the respondent was holding a quasi judicial hearing upon a petition for a variance under the ordinance and the giving of notice presumed the existence of jurisdiction to hear and decide it. In the *Pitman* case it does not appear that the law required special notice as a condition precedent to the powers of the board of aldermen to make the change in the ordinance and in any event the case as to the notice was apparently treated by the court and parties as if the board were hearing a petition for variance. In such case it was found, as in the *Hirsch* case, that the notice, though

154

informal or irregular, was in the nature of a personal notice which was waived by appearance and full participation by all four remonstrants, if not by express waiver.

In the instant case the notice is prescribed expressly by the statute as a prerequisite to the council's exercise of legislative power and such notice has *not* been given. There is undisputed evidence in the record to the effect that if respondent's land were to be devoted to certain of the uses permitted in a business zone, which would be possible, complainant's rights and use of its property and extensive financial investment would be injured or threatened with injury sufficiently to entitle it to relief in equity, so long as it could establish that the purported action of the council under which the respondent proposed to act was illegal and void. The probability of such adverse use by *this* respondent is not the test. The zoning ordinance deals with a use that runs with the land and any future owner could legally devote it to any of the uses permitted in a business zone if the council's action were valid. In our opinion the decree was erroneous.

The complainant's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for entry of a decree in accordance with this opinion.

*Aram A. Arabian,* for complainant.

*Gardner, Day & Sawyer, Edward W. Day, Hayden L. Hankins,* for respondent.