## CIRCUIT COURT OF FAIRFAX COUNTY

George Chang
and Judy Chang

v.

Fairfax County
Board of Supervisors

March 3, 1988

Case No. (Chancery) 102534

BY JUDGE THOMAS A. FORTKORT

The case at bar came forward on petitioner's Motion for Summary Judgment on the grounds that the zoning change of the subject property from a C-8 district to the R-2 district was void due to the Board's failure to comply with Section 15.1–49(c) of the Virginia Code. Notice was given to change the zoning from a C-8 commercial district to a R-1 residential district, and at the close of the hearing, the Board mandated a change to a R-2 residential district, admittedly a more intense development model than a R-1 classification.

The petitioner further avers that the Board failed to comply with the notice requirements of its own ordinance by sending out 24 notices to adjoining landowners when the County Code requires 25 notices.

The Board asserts that the provisions of the State Code are mandatory and that the extended notice provisions of the County Code are merely directory.

The Board claims that it has substantially complied with the notice requirements of its own ordinance and is not required to meet a test of strict compliance.

The Board responds further that the Changs were present at the hearing and that they have no standing to object to the improper notice; that their presence at the meeting is a waiver of the notice requirement or their presence at the meeting estops them from raising the defense of insufficient notice.

The Board avers that the public record of the Board hearing shows that there was a massive turnout for the meeting, that several citizens' associations came to the meeting and provided notice of the impending hearing to their members, providing a wider distribution of notice among the community than could have possibly been obtained with strict compliance with the ordinance.

The Court will address the Board's arguments seriatim.

A. *The State Code Is Mandatory; The County Ordinance Is Merely Directory*

There is no doubt that the County ordinance requiring notice of zoning changes goes beyond the State statutory requirements. The County was not obliged to enact more stringent requirements than the State, but it had the power to enact more stringent notice requirements if it so desired.

The Court was not obliged to make these additional notice requirements mandatory, but it had the power to make its notice requirements mandatory.

The County chose to make its notice requirements mandatory in language so plain and direct that no person could misconstrue the intent of the Board. Whether the ordinance was occasioned by citizen input and pressure or by the Board's own sense of good order is not known by this court. To adopt counsel's argument that only the State Code is mandatory and the County ordinance is merely directory would require that this Court find that the Board is incapable of binding itself to a mandatory procedure. The Board clearly had that power; chose to enact this legislation as a mandatory process; expressed its intend in clear, unmistakable language; and is bound by its own limiting ordinance.

B. *The Complainants by Their Appearance and Active Participation at the Hearing Have Waived Any Defect in the Notice Requirements*

The complainants received actual notice of the hearing and participated in the hearing through counsel and offered several documents in support of their position. The County Attorney cites two authorities in the zoning field and *Hensen v. City of Norfolk*, 201 Neb. 352, and *Malley v. Clay County Zoning Commission*, 225 So. 2d 555, to support the proposition that appearance and participation at a hearing waives any defect in notice. Of more consuming interest is the

Virginia case of *Bradley & Co. v. City of Richmond*, 110 Va. 521 (1910), where our Court held that Bradley who appeared at the hearing where the City of Richmond passed a license tax was not prejudiced by an alleged defect in notice by failure to designate the newspaper where the publication of the ordinance would appear.

The *Bradley* case can be distinguished from the current case in that the City of Richmond complied with the notice requirements of its ordinance. It simply did not designate the papers where the notice would appear. Bradley appeared through counsel so the Court found that he was not prejudiced by the lack of designation of a newspaper and never reached the question as to whether the ordinance implicitly required such a designation. The ordinance at issue was a general tax ordinance.

Every businessman in Richmond was similarly affected. It is unclear as to how the Court might have ruled had the City been in clear violation of the *express* notice provisions of its charter as opposed to an attack as to whether the charter notice objectives are met when the citizen is not advised as to which newspaper will carry the proposed ordinance. *Bradley* is a narrow case limited to its unique facts and contains no direct statement that would allow one to conclude that "appearance at a public hearing is a waiver of any defects in notice" is an articulated principle of Virginia law.

It is the view of this Court that notice and waiver are intertwined with the intent of the notice. A notice to the County at large that the Board is going to consider a particular ordinance might preclude a person appearing before the Board from contesting notice defects in the publishing of the ordinance. In those cases, there is an attempt to attract *any* resident of the County to place his views on the proposed legislation before the governing body.

A rezoning is a different matter. The purpose of the notice provisions is to attract *specific persons* to the hearing, *i.e.*, the landowner of the parcel affected by the zoning change and his adjacent neighbors. Since the decision of the Board is deemed to affect not only the landholder but his neighbors also, they are as important to the process as the landowner directly affected. The defect in notice in these cases is *jurisdictional* and is not waived by the appearance of *some* interested parties. *See, R.I. Home Builders, Inc. v. Budlong Rose Co.,* 77 R.I. 147, 74 A.2d 237.

## C. *Strict Compliance or Substantial Compliance*

The Board contends that its efforts to give notice of the rezoning of the Chang property substantially complied with the ordinance. Notice was given to 24 adjacent landowners. One of the notices was misaddressed. A second notice was returned because the addressee was in Canada and certified mail cannot be sent out of the country. The Court finds that the County's attempt to comply with the notice requirements by sending a certified letter to the landowner at the address shown on the current real estate tax assessment books even though this landowner could not be contacted by that method constituted substantial compliance with the ordinance.

The second letter which contained an erroneous address would not be substantial compliance with the ordinance. The difference between the two situations is that one situation falls within the ordinance and the other does not. The ordinance contemplates that actual service may not be effected on each of the 25 adjacent landowners. In lieu of actual service, the Board substituted a provision allowing for substituted service by certified mail. The service of certified mail on a landowner resident in Canada was an impossibility. When the County mailed a proper notice to the landowner listed in the tax assessment book, the Post Office's failure to effect delivery for whatever reason does not affect the County's substantial compliance with the ordinance.

When the County mails its notice to a non-existent address, it cannot escape its own error by asserting that it tried to comply by sending a certified letter somewhere. The ordinance designates to whom and at what address the certified letter must be sent. If it has sent the letter to the person listed in the tax assessment record at the address stated therein, it discharges its obligation. If it fails to do so, then its notice fails.

Two other letters contained apparent errors. Janice C. *K*untz signed for Richard L. and Janice C. *H*untz. L. D. Dodd signed for Dodd and Naomi Lawrence which was probably listed as Dodd, Naomi and Lawrence. These errors are not listed by the complainant, and while the names were erroneously set down, the recipient appears to be the intended party. These instances would also constitute substantial compliance with the ordinance.

The notice provisions in the ordinance require at a minimum 25 mailings to adjacent landowners. It is not the prerogative of the court

to modify these hard-won notice provisions by deciding a lesser number is equal to the number required by the ordinance. The Court's position in this regard is the application of the general rule set forth in 96 A.L.R.2d 477 (9): "As a natural corollary of the principle that compliance with the notice requirements of the state statute is a jurisdictional and mandatory prerequisite to the valid enactment of a zoning measure most contentions that non-compliance, for one reason or another, should be excused or [that the defect] has been cured, have been rejected. Indeed, the statement of the general rule in terms of jurisdictional seems to dictate the conclusion that there are no circumstances under which non-compliance with the statute may be excused or cured so as to result in the passage of a valid zoning measure."

The notice is a jurisdictional limitation imposed by the Board upon itself, and it is bound by its own rules.

D. *The Rezoning Process Was Well Attended and the Intent of the Notice Provisions in the Ordinance Were Met*

The public record shows a large crowd was present for the Chang rezoning. The Court also rejects this contention as being immaterial to the issue of non-compliance. In doing so, we adopt the reasoning of *Kelly v. Philadelphia*, 382 P. 459, 115 A.2d 238. There the Court held, "The fact that the city was able to make a showing that a substantial number of persons actually attended the hearing at which the contested ordinance was passed was not sufficient to overcome the deficiencies in the notice, since a showing that some citizens had actual notice was immaterial so far as the rights of others were concerned."

The rezoning was intended to reach certain persons. The notice to these persons serves as the jurisdictional basis for the type of hearing and requires certain specific acts to be done to insure this notice. General ordinance hearings might encompass this type of exception; zoning changes require strict compliance.

E. *Rezoning from C-8 to R-2 Was Encompassed by the Notice that the Board Would Decide Whether to Rezone from C-8 to R-1*

As a general rule, additional notice is not required where the initial notice is broad enough to indicate that substantial changes are contemplated. The rezoning in this case is a substantial change, i.e., from a commercial to a low density residential class. The notice of

this change indicates a broad change in the current zoning was to be discussed at the Board meeting. The Board's decision to rezone to a less restrictive residential zoning clearly falls within the mandate of this broad notice.

The action of the Board in moving to executive session and then returning with the announced change from R-1 to R-2 is not without problems. *See, San Antonio v. Pope*, 351 S.W.2d 269.

The opinion expressed in this section is merely for the benefit of the parties who argued the point in their briefs. The conclusion herein is obviously moot in light of the Court's ruling in the prior paragraphs.