[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
In this litigation, Jon Sutinen complains that an abutting South Kingstown landowner, co-defendant Wakefield Mill Properties, seeks to develop a subdivision on its property without a lawful right to do so because the approval for the project issued by South Kingstown officials was granted pursuant to void and unlawful subdivision regulations. The plaintiff has moved pursuant to Rule 56 for summary judgment on the narrow question of whether the subdivision regulations controlling at the time Wakefield Mill Properties received its master plan approval were invalid because the town had not properly given public notice relative to the hearing scheduled for the enactment of the subdivision regulations. Named as defendants in this matter, in addition to Wakefield Mill Properties, are the Town of South Kingstown, its Planning Board and individual town officials.
The facts are simple and undisputed, and the matter is in order for consideration by the Court on plaintiff's motion for summary judgment pursuant to Rule 56.
On February 17, February 24 and March 3, 1993 the Planning Board of the Town of South Kingstown caused a display advertisement to be placed in the Narragansett Times declaring that a "public hearing" would be held on March 3, 1993 at 7 p.m. at the South Kingstown Town Hall for the "purpose of repeal of the present Subdivision Regulations and adoption of new Subdivision and Land Development Regulations." A little more than a month thereafter, on April 28, 1993, co-defendant Wakefield Mill Properties applied to the Planning Board of South Kingstown for master plan approval to develop its property; and on October 20, 1993, after considering the application in light of the rules it adopted at the March 3, 1993 public hearing, master plan approval was granted. Jon Sutinen contends that the master plan approval granted to Wakefield Mills is void because the Planning Board did not give the statutorily required notice for the conduct of its business at the March 3, 1993 meeting.
The controlling statute, R.I.G.L. 45-23-53, is titled "Local regulations — Public hearing and notice requirements," and provides in pertinent part:
 (A) No local regulations shall be adopted, repealed, or amended until after a public hearing has been held upon the question before the city or town planning board. The city or town planning board shall first give notice of the public hearing by publication of notice in a newspaper of general circulation within the municipality at least once each week for three (3) successive weeks prior to the date of the hearing, which may include the week in which the hearing is to be held. . . .
Jon Sutinen contends that the publication of the third of the required notices on the same day as the scheduled hearing — March 3, 1993 — fails to satisfy the statutory mandate that the notice appear at least three times "prior to the date of the hearing. . .".
Memoranda were submitted by the plaintiff and by the municipal defendants and the developer. The Court heard oral argument from counsel representing the plaintiff, Wakefield Mills and the Town of South Kingstown on December 14, 1994.
In argument to the Court, counsel for the Town of South Kingstown conceded that the word "prior" means before. He agreed with the Court's hypothetical that a judge's order that attorneys submit documents "prior" to Saturday could not be construed to mean that they could deliver them on Saturday. One would certainly expect such a concession in light of the commonly accepted use of the word "prior," as well as the definition found in the Sixth Edition of Black's Law Dictionary at p. 1193: "prior, adj. earlier; elder; preceding; superior in rank, right, or time; as, a prior lien, mortgage, or judgment."
The town contended, however, that despite the clear meaning of the word "prior," the context of the entire statute somehow vitiates strict application of the definition. In support of this proposition, the town points to the provision of R.I.G.L.45-23-53 which provides that one of the three successive weeks may be "the week in which the hearing is to be held," and also argues that the statute provides that "No defect in the form of any notice under this section shall render any regulations invalid, unless such defect is found to be intentional or misleading."
In sum, the town contends that the entire context of R.I.G.L.45-23-53 permits the Court "sufficient flexibility" to disregard the clear meaning of the words "prior to the date of the hearing"; or in the alternative, the town contends the Court may conclude that the publication of the third notice on the actual date of the hearing was a violation of the statute but not of a kind that should invalidate the repeal of the old regulations and the enactment of the new ones at the March 3 public hearing.
The Court disagrees with the town's contentions regarding the interpretation of the statute, and it also rejects the town's argument that the notice requirements are not jurisdictional prerequisites for the exercise of authority by the Planning Board. The Supreme Court of Rhode Island has instructed clearly on these points.
The seminal modern case regarding the legal status of notice requirements respecting land use ordinances is R.I. HomeBuilders v. Budlong Rose Co., 77 R.I. 147, 74 A.2d 237 (1950). There, the Supreme Court examined a statute that provided that a zoning ordinance or an amendment to a zoning ordinance could not be enacted by a local legislature unless notice was given:
 `. . . of such public hearing specifying the time and place of such hearing by publication of such notice in a newspaper of general circulation within such city or town at least once each week.'
 The Court clearly stated the legal import of such language:
 This language is clear and mandatory. The provisions relating to first advertising the notice of public hearing on a proposed amendment are in form and substance mandatory conditions precedent to the proper exercise of the power thus delegated to the council. A failure to conform thereto is not to be treated as a mere irregularity in the service of a personal notice which may be waived. In our judgment such provision is not directory or intended to notify only remonstrants who may actually appear at the hearing, but contemplates other possible remonstrants and is a condition precedent to the jurisdiction or power of the council to make any valid enactment in that regard. 74 A.2d, at 239.
While it is true that Sullivan v. Faria, 112 R.I. 132,308 A.2d 473 (R.I. 1973) modified dicta in Budlong Rose, the qualification of this decision respecting the computation of time has no impact on the matter under review by this Court,112 R.I. 132, 308 A.2d, at 475-476; and there is no doubt that the core doctrine of Budlong Rose is the law in Rhode Island today.
For a recent pronouncement by the Rhode Island Supreme Court indicating that notice requirements in statutes such as R.I.G.L.45-24-53 are jurisdictional prerequisites to local legislative action respecting land use we may turn to Johnson WalesCollege v. DiPrete, 448 A.2d 1271 (R.I. 1982), in which the Supreme Court expressly quoted with approval the language of that decision set forward above. 448 A.2d, at 1271. In Johnson Wales, the Supreme Court went on to emphasize that the still valid holding of Budlong Rose was that "the words of the statute do not suggest that substantial compliance with its notice provisions is acceptable,"; and the Supreme Court further declared, "the clarity of the section requires that we not ignore procedural irregularity or treat it as inconsequential." 448 A.2d, at 1278. More recently, the Budlong Rose holding respecting notice as a jurisdictional prerequisite was relied upon, along with other cases, in Ouigley v. Town of Glocester,520 A.2d 975, 977 (R.I. 1987).
A further discourse on notice as an imperative from which no deviation is permitted is found in L.A. Ray Realty v. TownCouncil, 603 A.2d 311 (R.I. 1992), in which Mr. Justice Weisberger wrote for the Court regarding the purpose of notice requirements:
 The purpose of these notice requirements, either by publication or individual notice, is to give the owners of affected property or those who may be interested in proposing zoning or subdivision amendments an opportunity to come before the relevant body, either plan commission or municipal council, and express their opinions. The hearing gives interested parties a chance to make their views known to the governing body and to testify or argue either for or against the proposed regulation or amendment. We have held that such public notice is a jurisdictional prerequisite to the validity of the proposed modification. [Citations omitted] . . . .
 The rationale behind this jurisdictional imperative was set forth in Goldengate Corp. v. Town of Narragansett, 116 R.I. 552, 359 A.2d 321 (1976), as the requirement that when a statute mandates a hearing to which the public is invited and at which it is to be afforded the opportunity to be heard, the right to be heard implicitly carries with it `a reasonable hope of being heeded.' Id., at 562, 359 A.2d at 326. L.A. Ray Realty, supra, at 314.
In L.A. Ray Realty, Justice Weisberger was discussing nothing less than the fundamental rules of democracy.
We are as one scholar has aptly put it, "a deliberative democracy,"[1]; and nowhere does a citizen have a greater opportunity for participating in discussions that will lead to the enactment of legislation that will have a serious impact on how he or she uses his or her real property than at local town council and planning board meetings. While the legislature may have determined in its wisdom to require two notices or four notices prior to the date of the hearing, our legislature chose three.
This Court may not reject the clear meaning of the statute. The definition of the word "prior" and the definition of the phrase "date of the hearing" are unambiguous. It is true that a Court may reject a literal reading of a statute "when such a construction will lead to a result at odds with the legislative intent", Sugarman v. Lewis, 488 A.2d 709, 711 (R.I. 1985). In the instant matter, the notice requirement does not do any damage whatsoever to the intent of the legislation but advances its goal of reaching out to as many persons as possible so that they may participate in local legislative hearings. To the town's contention that the provision in R.I.G.L. 45-23-53(D) providing that "no defect in the form of any notice under this section shall render any regulations invalid . . .", this Court points out that frequency is not to be confused with form. This Court is not concerned with the content of the display advertisements, and plaintiff has not challenged the content of the notice in his motion for summary judgment.[2] The simple fact remains that whatever the form of the display advertisement was, it appeared only two times in a newspaper prior to the date of the hearing, and not the three times as required by the statutory command. In the worlds of Dr. Seuss and Lewis Carroll, "three" may mean two and "prior to" may mean "the same", but courts do not enjoy such poetic license, especially when examining statutes that contain the rules for participation in democratic deliberations.
CONCLUSION
It is the decision of this Court that the failure of the Planning Board to cause a display advertisement to be published three times prior to the date of the hearing on March 3rd, 1993 invalidates the purported repeal of the Subdivision Regulations then in existence and the adoption of the new Subdivision Regulations, pursuant to which master plan approval was granted by the Planning Board to Wakefield Mill Properties. Therefore, the master plan approval granted to Wakefield Mill Properties is invalid.
This decision does not leave South Kingstown without Subdivision Regulations, as those in existence on March 3rd, 1993 prior to the commencement of the meeting, were never effectively repealed and therefore remain in effect.
Summary judgment is granted to the plaintiff; and plaintiff's counsel may submit an order in accordance with this decision.[3]
[1] Carl Sunstein, The Partial Constitution, passim (1994)
[2] The Court notes that the display advertisement appearing on the two February dates as well as March 3rd, 1993 concluded with the sentence "individuals requesting interpreter services for the hearing impaired must call 401-789-9331 at least 72 hours in advance of the hearing date." This declaration obviously presented any hearing impaired individual with a manifest impossibility given the time-frames involved.
[3] At the December 14 hearing, plaintiff orally moved to consolidate this matter with Elena Sutinen v. Members of theSouth Kingstown Board of Appeals, et al, WC/94-0013 and YuzuruShimizu, et al v. South Kingstown Board of Appeals, et al,
WC/94-0012. As no notice was given to the defendants in these matters regarding either consolidation or motions for summary judgment, plaintiff's motion to consolidate is denied, without prejudice.