[Civ. No. 17798. First Dist., Div. One. Nov. 21, 1958.]

JACOB H. HEIN et al., Appellants, v. CITY OF DALY CITY et al., Respondents.

J. Albert Hutchinson and Hutchinson & Quattrin for Appellants.

Paul M. Hupf, City Attorney, and Conrad B. Reisch, for Respondents.

BRAY, J.—Plaintiffs appeal from an adverse judgment in a proceeding for a writ of mandate or other extraordinary writ as against the officials-defendants and an injunction against the nonofficials-defendants.

## QUESTION PRESENTED

Did the proceedings to amend the zoning ordinance conform to the procedure required by the Government Code (§§ 65500 through 65805)?

## RECORD

An alternative writ of mandate was issued. On its return it was discharged and a trial had upon the complaint. Plaintiffs own certain lots and residences on the west side of Peter Street in Daly City, a city of the sixth class. Peter Street is a dead end street, 30 feet wide and one block long. Prior to the challenged action of the city council, the property on both sides of the street was zoned R-3, or third class residential, which permits multiple dwelling units such as apartment houses as well as single family dwellings. Ordinance Number 294 was then in effect. It was a general zoning ordinance of the areas of the city. On plaintiffs' side of the street there were exclusively single unit dwelling houses. On the other side of the street up to November, 1955, the lots were vacant but in that month some unsightly houses were moved in. There was a 25-foot buffer zone on the other side of Peter Street beyond which the property was zoned for commercial use. Defendant Neville desired to purchase the vacant lots in order that he might carry on an automobile agency and service garage. He entered into a contact with the owner to purchase them, but expressly on the condition that the existing zoning ordinance be changed to permit him to build and operate the proposed garage. In order to effectuate this change in the zoning ordinance, Neville on February 8, 1956, filed a petition with the city clerk seeking an amendment of ordinance Number 294 changing the classification of said vacant lots from R-3 (third class residential) to C-1 (commercial). A similar petition was filed by defendants Lagomarsino concerning property adjacent to Neville's. Plaintiffs opposed this petition as' well as that of Neville. The petitions were referred to the planning commission. The proceedings thereafter culminated on May 21 in the adoption by the city council of ordinances Number 421 and Number 422, amending ordinance Number 294 to zone the Lagomarsino and Neville properties respectively to C-1 commercial.

### GOVERNMENT CODE PROCEDURE

 It is conceded that the controlling procedure to be followed in amending a zoning ordinance of a city of the sixth class is that provided in sections 65500 through 65805, Government Code. It is so held in *Bailey* v. *County of Los Angeles,* 46 Cal.2d 132 [293 P.2d 449], and in *Johnston* v. *City of Claremont,* 49 Cal.2d 826 [323 P.2d 71].

 An examination of the proceedings clearly shows that the entire proceedings were carried on by the petitioners for rezoning and considered by the city council and the planning commission as being pursuant to ordinance Number 294 as amended by ordinance Number 362 (which provided a method of amending the original ordinance). At no time was the Government Code procedure for amending a zoning ordinance considered and any compliance therewith was purely accidental. However, those facts would not invalidate the ordinances in question, if in fact there was a complete compliance with the Government Code requirements. Unfortunately there was not such compliance.

Our duty, then, is to determine whether the procedure adopted by the planning commission and the council conformed to the Government Code requirements. (It must be borne in mind that we are not dealing with the granting of a variance or a special use permit, but with the amendment of the zoning ordinance of the city.)

Section 65804, Government Code, requires that "an amendment to a zoning ordinance which amendment changes any property from one zone to another . . . shall be initiated and adopted in the same manner as required for the initiation and adoption of the original zoning ordinance."

It is conceded that under this requirement the procedure to be followed to amend a zoning ordinance is that set forth in the hereafter mentioned sections of the Government Code.* Section 65650 requires a public hearing before the planning commission. Section 65651 provides the notice to be given. Section 65652 requires that the recommendation of any amendment be carried by a two-thirds vote of the voting members. Section 65653 (hereafter set forth in full) requires submission of the commission's recommendation to the city council. Section 65654 requires adoption by the council after a public hearing and notice as therein prescribed.

As will hereafter appear, the commission's final action and

---

*See *Johnston* v. *City of Claremont, supra,* 49 Cal.2d 826.

its recommendation to the council did not comply with the requirements of the Government Code. Any new proceedings to amend the ordinance will have to be done pursuant to the Government Code provisions. Therefore, it is unnecessary to consider at length the proceedings leading up to the final action which were taken pursuant to the provisions of the ordinance.

Neither the notices of the hearings before the commission nor the notice of the hearing before the council referred to the fact that either body was considering an amendment of ordinance Number 294. They gave notice only of "proposed zoning change." The notices of the commission hearings stated: "WHEREAS, *Pursuant to ordinance No. 294* of the City of Daly City, California, an application for a rezoning of the following described property to C-1 has been filed . . ." (Emphasis added.) It is doubtful if these notices were sufficient. They are the type of notices usually given where a variance or special use permit is being sought rather than where either body is considering amending a zoning ordinance.

Section 65653 provides: "*A copy of any precise plan, regulation, or amendment recommended* pursuant to this article shall be submitted to the legislative body and shall be accompanied by a report of findings, *summaries of hearings,* and recommendations of the planning commission." (Emphasis added.)

The final action of the commission and the one upon which the council acted in adopting ordinances Number 421 and Number 422 was taken April 11, 1956. The minutes of the commission meeting of that date show "The petition of A. Neville for rezoning . . ." was heard. Certain persons spoke for and against the rezoning. A *motion* was then carried "to send a *letter* to the City Council recommending the complete rezoning from R-3 to C-1." (Emphasis added.) Section 65652 requires that the recommendation of any amendment to a zoning ordinance be *by resolution of the commission.* This was done here merely by motion. Moreover, it was not a recommendation of an amendment to the zoning ordinance but merely of a rezoning of the Neville property. The same is true of the action concerning the Lagomarsino property. The minutes show that the commission considered the Lagomarsino petition "for rezoning" their property. A *motion* was carried "to recommend the amendment as requested by the petitioner." No mention is made in the minutes as to either matter of the sending of any "precise plan, regulation, or

amendment recommended'' nor of any "report." The motion as to the Neville petition states that a *letter* is to be sent. No mention is made in the Lagomarsino matter as to the manner in which the recommendation is to be sent to the council.

The sole communication to the council from the commission and the one upon which the council acted is on the commission's letterhead and dated April 11, 1956. It reads: "The Daly City Planning Commission has considered the petition of A. Neville for rezoning the easterly 25 feet of Lots 15, 16, 17, 18, 19, 20 and 21 of Block 20, Union Park Resubdivision, so as to cause properties now classified as R-3 residential to fall into C-1 commercial zone. The Planning Commission finds that under the circumstances of this particular case, the rezoning of the aforesaid properties will not be detrimental to the health, safety, morals, comfort, convenience or welfare of persons residing or working in the neighborhood, and will not be injurious to property or improvements in said neighborhood. The Planning Commission therefore recommends amendment of Ordinance No. 294 to cause the rezoning as requested by the petitioner.''

It is clear that this in nowise complies with section 65653. No "copy of any precise plan, regulation or amendment recommended . . ." is submitted. It may be that the *letter* constitutes "findings" of the recommendation of the commission, but it definitely does not contain any "summaries of hearings." The commission's proceedings of April 11 comply neither with the letter nor the spirit of the Government Code requirements for amending a zoning ordinance. Section 65654 is the one giving the council authority to act. It provides: *"Upon receipt of a copy of* any proposed precise plan or regulation based upon a master or general plan or *amendment of* such plan or regulation,'' (emphasis added) the city council may by ordinance adopt the same. No such plan or regulation accompanied the commission's letter. Where the city also has no master plan, as is the case with Daly City, the zoning ordinance constitutes the general or master plan. (See Gov. Code, § 65803.)

The necessity for a more formal report to the council than was made here is emphasized by one of the requirements of section 65506: "A copy of any part, amendment, extension of, or addition to the master or general plan adopted by a county or city planning commission shall be certified to the legislative body . . .''

"The zoning law vests in the legislative body of the

city broad discretionary power, but when the method for the exercise of the power is prescribed by the statute such method is the measure of the power to act." (*Hurst* v. *City of Burlingame,* 207 Cal. 134, 141 [277 P. 308].)

Although there were public hearings of the meetings which the Government Code provides must be held, the failure of the commission to make the report required by section 65653 invalidates the proceedings thereafter by the council. The statute contemplates that when the council proceeds to amend an ordinance on the recommendation of the commission, notwithstanding that it must hold a public hearing on notice, at which hearing it may and here did hear additional evidence, it must have before it a summary of the evidence upon which the commission acted and a copy of the precise plan, regulation or amendment recommended. If the commission is not required to comply with the statute and supply this information to the council, then the intent of the statute that before a zoning ordinance is amended full consideration of such amendment must be given by both the commission and the council would be thwarted. As said in *Dwyer* v. *City Council,* 200 Cal. 505, 515 [253 P. 932], "A zoning ordinance as amended becomes in effect a different ordinance. Even if it be granted that a reclassification of an area as small as that involved in the instant case cannot be said to effect a new scheme, the same rule must necessarily be followed as would be applied if a larger area had been reclassified, and it may be observed that a piecemeal rezoning of small areas may result in a plan differing in vital particulars from that originally contemplated."

As above stated, it is clear that no one had in mind during any of the proceedings that the Government Code sections applied. This is well illustrated by the terms of the amendatory ordinances themselves. They state, "*Whereas pursuant to Ordinance* No. 294 of the City of Daly City, the City Council has received petitions to rezone certain property" (emphasis added); and whereas the city council finds that said land is suitable for use as proposed and is in harmony with the general purpose of said ordinance, and the planning commission has "approved said rezoning"—(not the amendment of the ordinance).

It is interesting to note that while defendants contend that the initiation of the proceedings by individuals was not necessary and therefore would not invalidate the actions of the commission and council if they complied with the provisions

of the Government Code otherwise, they excuse the failure of the commission and the council to include in the C-1 zone the property of plaintiffs because, forsooth, plaintiffs merely asked orally for inclusion and did not file a written petition. By failing to include the balance of the block, it would appear that leaving plaintiffs' property as a small residential island surrounded by commercial property indicates that, as contended by plaintiffs, the action taken was "spot zoning" rather than amending the zoning ordinance as an integral part of an entire scheme of zoning. (See *Reynolds* v. *Barrett*, 12 Cal.2d 244 [83 P.2d 29].)

The judgment is reversed.

Peters, P. J., and St. Clair, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.