247 A.2d 903.

ONOFRIO ANTONIO CARROCCIO *vs.* ROGER WILLIAMS HOSPITAL.

NOVEMBER 19, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

618

PER CURIAM. This civil action was brought to recover damages alleged to have been sustained as a result of the negligence of an agent of the defendant. It is before this court on the plaintiff's appeal from a judgment entered by the superior court on June 30, 1967, granting the defendant's motion for a summary judgment.

The plaintiff first argues that summary judgment should not have been entered for defendant because he was entitled as a matter of law to the entry of a judgment by default in the case. It appears that after his complaint was filed and before the expiration of the 20-day period for answer, defendant obtained from the superior court an enlargement of the time within which to answer. The plaintiff contends that he received no notice of the granting of the order to enlarge the time and that, therefore, it was without any force and effect. He then argues that under the provisions of rule 12 (a) of the rules of civil procedure of the superior court he was entitled to a judgment by default. This issue is not before us. We considered this argument on a motion filed by plaintiff for entry of judgment by this court, and on August 1, 1967, that motion requesting judgment was denied. See *Carroccio* v. *Roger Williams Hospital,* 102 R. I. 762, 232 A.2d 128.

The plaintiff argues also that it was error to grant defendant's motion for summary judgment. The defendant's motion for summary judgment was based upon the fact that it is a charitable hospital and was within the exemption

for liability for the torts of its agents granted such institutions by the provisions of G. L. 1956, §7-1-22. That statute provides, in pertinent part, that "No hospital incorporated by the general assembly of this state sustained in whole or in part by charitable contributions or endowments, * * * so long as it continues to be sustained in whole or in part by charitable contributions or endowments, shall be liable for the neglect, carelessness, want of skill or for the malicious act, of any of its officers, agents or employees in the management of, or for the care or treatment of, any of the patients or inmates of such hospital * * *."[1]

It is well settled that where "* * * there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as matter of law," summary judgment properly issues. The defendant filed an affidavit, setting forth its status as a charitable hospital under the statute and claiming the immunity provided therein. The plaintiff filed a counter-affidavit but raised no question as to the status of defendant hospital as a charitable institution within the scope of the statute. It is clear then that plaintiff's counteraffidavit raised no genuine issue of fact as to the entitlement of defendant hospital to the immunity provided for in the statute. In such circumstances under rule 56 defendant was entitled to its motion for summary judgment, and we perceive that no error inhered in the action

---

[1]On March 3, 1967, the date upon which the plaintiff entered the defendant hospital for diagnosis, the act as set forth above was in full force and effect. However, it is to be noted that at the January session of the general assembly A. D. 1968, by chap. 43 of P. L. 1968, approved April 3, it repealed §7-1-22, providing that "Every hospital operating within this state, whether sustained in whole or in part by charitable contributions or endowments, shall be liable for the neglect, carelessness or want of skill or for malicious act of any of its officers, agents or employees in the management of or for the care or treatment of any of the patients or inmates of such hospital in the same manner as any other person or corporation would be liable at common law for similar acts on the part of his or its officers, agents or employees * * *."

of the superior court in granting that motion.

The plaintiff also argues that the act providing immunity for such charitable hospitals is unconstitutional. This contention, in our opinion, is without merit. In *Fournier v. Miriam Hospital,* 93 R. I. 299, 175 A.2d 298, it was similarly urged that the statute was unconstitutional on several grounds. After consideration, we upheld the constitutionality of the legislation. There does not appear to be any reason advanced by the plaintiff here that would lead us to overrule that decision.

The appeal of the plaintiff is denied and dismissed.

*Onofrio Antonio Carroccio,* pro se, for plaintiff.

*Carroll, Kelly & Murphy, Joseph A. Kelly,* for defendant.