265 A.2d 636.

CLEMENT A. DeLUCIA AND LENORE A. DeLUCIA *vs.*
TOWN OF JAMESTOWN.

MAY 28, 1970.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

180

Powers, J.  This civil action was instituted in the New-port County Superior Court for the purpose of having a purported amendment to the Jamestown zoning ordinance declared null and void.  It was heard by a justice of said court on the plaintiffs' motion for summary judgment, and from the entry of such judgment, the defendant season-ably appealed to this court.

The record establishes that in December of 1962, the town of Jamestown adopted a zoning ordinance which did not provide minimum lot-size regulations.  The plaintiffs are the owners of a tract of land containing approximately 150,000 square feet, which land, although located in a resi-dential district by the terms of the original ordinance, was nevertheless not subject to any minimum lot-size require-ment.

The record further establishes that in August of 1966, a public hearing was held by the Jamestown Planning Commission for the purpose of proposing to the local leg-islature a townwide amendment to the December 1962 ordinance.  Thereafter, a proposed amendment was sub-mitted to the town council by the planning commission, which proposed amendment contained numerous altera-tions to the ordinance then in effect.

Pursuant to the provisions of then G. L. 1956, §45-24-4,[1] the town council, after making several changes to the amendment as proposed by the planning commission, caused notice to be given of a public hearing to be held by the town council for the purpose of acting on the proposed amendment. The notice in question was published in the Newport Daily News for four consecutive weeks, specifically November 10, 18, 25 and December 2, 1966. It called for a public hearing to be held at eight o'clock on the evening of December 5, 1966, in the Jamestown Town Hall and Community Center. Additionally, said notice advised that the proposed amendment was on file in the town clerk's office where it "* * * may be seen and information obtained relative to its provisions at that office daily during business hours." Moreover, although not mentioned in the published notice, the parties advise us that a copy of the proposed zoning map was also filed with the proposed amendment.

The record further establishes that by the terms of the proposed amendment, and as shown on the proposed map, plaintiffs' land was to be located in a residential district which called for a minimum lot size of 40,000 square feet.

At the public hearing held December 5, 1966, a number of property owners appeared and offered comments on the

---

[1]This section provides:

"Hearings on Ordinances. — No such ordinance shall be enacted, amended or repealed until after a public hearing has been held upon the question of the enactment, amendment or repeal of such ordinance, before the city or town council, as the case may be, or a committee or commission authorized by such city or town council to investigate and make recommendations concerning such proposed ordinance, who shall give first notice of such public hearing specifying the time and place of such hearing by publication of such notice in a newspaper of general circulation within such city or town at least once each week for three (3) successive weeks prior to the date of such hearing, at which hearing opportunity shall be given all persons interested to be heard upon the matter of the proposed ordinance."

amendment as proposed. Some expressed general approval of the proposed amendment; others qualified approval, while still others registered specific objections. Among the latter was an attorney who represented the Roman Catholic Diocese of Providence and St. Mark's parish, located within the diocese and the town of Jamestown. He pointed out that the proposed amendment established eight zones and that in three of these zones a church was a prohibited use, permitted only by way of a special exception in three and as a matter of right in but two.

After hearing from all present who wished to be heard, the town council president adjourned the hearing without making any reference to further proceedings. On calling the hearing to order, however, he did state that the proposed amendment was "not a final document," indicating that the proposed amendment was the town council's recommendation but that it was subject to alterations as a result of suggestions made as well as objections raised at the hearing. In any event, the hearing was adjourned without any action being taken by the town council.

Subsequently, on January 9, 1967, the town council met and purported to adopt an amendment to the zoning ordinance which was in several particulars substantially different from the proposed amendment considered at the public hearing on the previous December 5. Further, the map showing the proposed district lines had also been altered. In this latter regard, the district boundary line separating R40 from RR had been moved so as to locate plaintiffs' land within an RR district and not within the R40 district as proposed in the amendment on which the public hearing was held. An RR district requires a minimum lot area of 80,000 square feet. Thus, as to the instant plaintiffs, the change resulted in doubling the required minimum area for a single lot, a clearly substantial alteration.

In an amended complaint, plaintiffs averred that this

substantial alteration of the district lines, made by the town council after the public hearing, resulted in ousting the local legislature of jurisdiction to amend the original ordinance, absent a further public hearing on the proposed amendment as altered. In other words, they contend that §45-24-4 requires any amendment eventually adopted to have been the subject of a public hearing properly advertised in accordance with the statute, or at the very least substantially conformable to the map and/or ordinance of which public notice was given and a hearing held. The question being one of first impression in this state, they direct our attention to the decisions in other states where identical or substantially similar statutes obtain.[2]

In refutation thereof, defendant argues, in essence, that the cases relied on by plaintiffs are either factually distinguishable or that the thrust of the statutes applicable to each of the cited cases is such as to render said cases inapposite to §45-24-4. Affirmatively, defendant refers our attention to 96 A.L.R. 2d. §19(c) at 491, and the cases annotated therein, stressing the holding in *Castle* v. *McLaughlin, supra,* also relied on by plaintiffs.

However, in the view we take of the applicability to the instant case of the holding of this case in *Rhode Island Home Builders, Inc.* v. *Budlong Rose Co.,* 77 R. I. 147, 74 A.2d 237, the decisions in other jurisdictions are of little assistance.

Answering the amended complaint, defendant, in essence, admitted that the town council had made the alterations after the December 5, 1966 public hearing of which plaintiffs complained, but denied that the town council there-

---

[2]*City of Amarillo* v. *Wagner* (Tex. Civ. App.) 326 S.W.2d 863; *Fish* v. *Canton,* 322 Mass. 219, 77 N.E.2d 231; *Shefler* v. *Geneva,* 1 Misc. 2d 807. 147 N.Y.S.2d 400; *Hein* v. *Daly City,* 165 Cal. App. 2d 401, 332 P.2d 120; *Brachfeld* v. *Sforza,* 114 N.Y.S.2d 722; *Castle* v. *McLaughlin,* 106 App. D.C. 145, 270 F.2d 448.

after lacked jurisdiction to amend the existing ordinance by its action of January 9, 1967.

Against this state of the pleadings, plaintiffs Clement A. and Lenore A. DeLucia filed a motion for summary judgment in accordance with Rule 56 of Super. R. Civ. P. In connection therewith, Clement A. DeLucia filed an affidavit setting forth, in essence, that he and his wife were the owners of a parcel of land in Jamestown consisting of approximately 150,000 square feet and designated as lots 119 and 76 on assessors plat No. 10 in said town; that the map filed in connection with the advertised proposed amendment placed his property in a R40 district; that he attended and remained throughout the public hearing of December 5, 1966, and that at no time during said meeting was there any proposal to alter the district lines, but that the ordinance and map purportedly adopted January 9, 1967, altered the line to place this property in an RR or 80,000 square foot district.

Incorporated by reference in plaintiff's affidavit and attached thereto are four appendixes. These are: a certified copy of the advertised zoning ordinance and map; a duplicate of a certified copy of the complete transcript of the hearing held on December 5, 1966; and certified copies of the purportedly adopted zoning ordinance and map respectively.

It is to be noted that the proposed amendment which was advertised for consideration at the December 5, 1966 public hearing established eight use-districts. These are set out in section 2 of the proposed amendment, which section further provides:

> "The boundaries of the above zoning districts are hereby established as shown on a map filed in the office of the Town Clerk, entitled 'Jamestown Zoning Map,' dated ................................., and covering the entire area of the Town of Jamestown. The James-

town Zoning Map is hereby adopted and made part of this ordinance."

We deem it material to note from the foregoing that the proposed map was an integral part of the proposed amendment to the ordinance. Consequently, unwarranted alterations in the map are tantamount, for the purpose of judicial review, to unwarranted alterations in the ordinance.

In opposition to plaintiff's affidavit, defendant filed the affidavit of its town clerk. It states that she received several communications prior to the public hearing of December 5, 1966; that these communications were delivered by her to the council chairman who made them part of the record at the outset of the public hearing.[3] Three of the communications referred to in the town clerk's affidavit were attached thereto and made a part thereof. Two of these communications were from individual landowners, while the third was signed by the president of The Dumplings Association, Inc. All three communications recommended that the proposed map be altered so as to have the entire area from Racquet Road west to Mackeral Cove zoned RR. It was by altering the map in this manner that plaintiffs' land was purportedly zoned in an RR district.

The defendant's affidavit, embodying the three communications heretofore noted, was apparently filed for the purpose of disputing the factual assertion in plaintiff's affidavit that at no time during the public hearing was there any proposal to alter the proposed map and ordinance and thereby establish that the motion for summary judgment should be denied on the ground that there existed a genu-

---

[3]"Incidentally, there have been several letters received by the Council since the last Council meeting, about a half-dozen, five of them endorsing the zoning ordinance, one opposing. I don't think I should take up your time in reading them in the record. I note they are here, and they will be read at the next Council meeting."

ine issue of material fact. See *Carroccio* v. *Roger Williams Hospital,* 104 R. I. 617, 247 A.2d 903.

However, such pleading misses the thrust of plaintiffs' motion, namely, that if the ordinance and/or map finally adopted by the town council contained substantial alterations to the proposed map and/or ordinance in connection with which the public hearing of December 5, 1966 was advertised and held, the purportedly adopted map and ordinance are invalid for the reason that the town council lacked jurisdiction to adopt them. This raises a pure question of law since, if plaintiffs' jurisdictional premise is correct, the question of whether proposed alterations to the map and ordinance for the consideration of which the public hearing had been held were or were not discussed at the public hearing would be immaterial.

It is our conclusion that the motion for summary judgment was properly granted. In *Rhode Island Home Builders, Inc.* v. *Budlong Rose Company, supra,* this court, in considering the scope and intendment of G. L. 1956, §45-24-4, then G. L. 1938, chap. 342, sec. 2, respectively, stated "In our judgment such provision is not directory or intended to notify only remonstrants who may actually appear at the hearing, *but contemplates other possible remonstrants* and is a condition precedent to the jurisdiction or power of the council to make any valid enactment in that regard." (Emphasis ours.) 77 R. I. at 152, 74 A.2d at 239.

While in *Rhode Island Home Builders, Inc., supra,* the purported amendment was held to be defective because the public hearing, although advertised for three consecutive weeks, was held within a shorter period than the 21 days required, the jurisdictional aspect referred to by the court contemplates that there will be a public hearing on a proposed amendment regarding which there has been public notice. Consequently, if as a result of the hearing

held pursuant to such notice, the local legislature determines that the amendment as proposed should be substantially altered, acquisition of jurisdiction to adopt a substantially altered amendment requires that public notice thereof be given and a public hearing held thereon.

Clearly, the purpose of holding a public hearing and giving notice thereof is designed to bring possibly desirable changes to the attention of the town council before enactment. If, notwithstanding objections to the map and ordinance as proposed or suggestions of substantial alterations thereto made at the hearing, the local legislative body finds the map and ordinance as proposed conform to a comprehensive plan, its adoption of them is a valid exercise of its delegated police power. Interested persons having notice of what the local legislature purports to do might well fail to attend the public hearing, being satisfied with that which is proposed.

On the other hand, if the local legislature is free to make substantial alterations in either the proposed map or ordinance without again giving notice and conducting a public hearing, the holding of such hearing becomes meaningless. Having heretofore held in *Rhode Island Home Builders, Inc., supra,* that such public notice and hearing are conditions precedent to the local legislature's jurisdiction to take final action, we conclude that the alterations to the proposed map and ordinance in the instant case, if substantial, were made in excess of the Jamestown Town Council's jurisdiction.

The record establishes that not only was the proposed map amended so as to substantially affect the plaintiffs' property as to area limitations, but substantial alterations were also made to the proposed amendment to the ordinance. In this regard it is of controlling significance to note that whereas in the proposed amendment on which the public hearing of December 5, 1966 was held, churches

were prohibited in three districts, permitted as a matter of right in two and only by way of a special exception in three, the amendment purportedly adopted prohibited churches in but one district and made them permitted uses in all others. The sole district in which churches are prohibited is CR-Recreational. Thus, the three districts in which it was proposed that churches be permitted only by way of a special exception are, under the amendment as purportedly adopted, districts in which churches are permitted as a matter of right. It is to be noted that RR and R40 districts constitute two of the three districts thus affected. While the necessity for churches, as to most inhabitants cannot be gainsaid, neither can it be disputed that the right to be heard on application for special exceptions, as against foreclosure in the case of a use permitted by right, presents a question of substantial change.

It is our holding, therefore, that the action of the Jamestown Town Council on January 9, 1967, purporting to adopt amendments to the map and ordinance proposed for consideration at the public hearing of December 5, 1966, was ultra vires of the town council's jurisdiction. Judgment affirmed.

ROBERTS, C. J., did not participate.

*Roberts & McMahon, William F. McMahon,* for plaintiffs.

*Corcoran, Peckham & Hayes, Joseph T. Houlihan,* for defendant.