Bertram Harnett, J.
Three residents of the Town of Islip bring this action (in Supreme Court, Suffolk County) to declare invalid a zoning change affecting their property. They claim first, that the town has no authority to effect a zoning change by ‘ reconsidering ’ ’ a prior zoning resolution, as it did here, and, secondly, that inadequate public notice of the proposed change was given.
In response to the property owners’ motion for summary judgment, the town moves to transfer this motion to the Supreme Court of the County of Suffolk pursuant to CPLR 505 (subd. [a]) which provides that “ the place of trial of an action by or against a public authority constituted under the laws of the state shall be in the county in which the authority has its principal office ”. However, summary judgment is not a “ trial ” within the meaning CPLR 505 (subd. [a]). That statute therefore does not apply here. Since any motion may be heard “in a county adjoining the county where the action is triable ” (CPLR 2212, subd. [a]), plaintiffs’ motion for summary judgment is properly before this court.
The town does not contradict any of the factual allegations made by plaintiffs, but merely disagrees with the legal conclusions. Only the legality, and not the occurrence of the pro *484 cedure followed and notices given, is in dispute. Under such circumstances, summary judgment procedure is applicable. (CPLR, 3212, subd. [b]; Northern Operating Corp. v. Town of Ramapo, 31 A D 2d 822; Binninger v. Grillo, 28 A D 2d 1100; cf. Knatler v. M & M Affiliates, 31 A D 2d 722.)
On March 20, 1969, the Islip Town Board passed a resolution changing the zoning of the subject premises to a Residence CA District appropriate for the building of garden apartments. The town’s later rescission of this resolution was invalidated by the late Mr. Justice Ritchie because of procedural defects (see N. Y. L. J., December 30, 1971, p. 17, col. 3) resulting then in a declaration that the Residence CA zoning classification continued to be in effect.
On February 4, 1972, the town again began procedures to rescind the Residence CA garden apartment classification, by publishing a notice stating 1 ‘ that the Town Board of the Town of Islip will hold a public hearing on March 2,1972, at 7:30 p.m., at the Town Hall, Islip, New York, to reconsider on its own motion the resolution dated March 20, 1969, made on the application of NATHAN HOUSEMAN (T.C. No. 1846) to change the zone from Residence AAA District as shown on the West Sayville-Oakdale Amended Zoning Map No. 5 to Residence CA District of all or part of the following described parcel(s) of land”. (Emphasis supplied.)
After the public hearing was held, by resolution dated April 4, 1972, the town changed the zoning of plaintiffs’ property back from Residence CA to Residence AAA, in effect reversing the 1969 resolution.
The use of the term “ reconsideration ” does not, of itself, invalidate an otherwise proper zoning change. Section 264 of the Town Law provides in pertinent part: “ The town board shall provide for the manner in which such [zoning] regulations and restrictions and the boundaries of such districts, shall be determined, established and enforced, and from time to time amended, supplemented or changed ’ ’.
Here, the reconsideration of a prior resolution accomplished a “ change ” in the present zoning regulations which the Town Board had authority to do under the broad powers delegated by statute, so long as the requisite statutory procedures were followed. Accordingly, the town did not act improperly by “ reconsidering ” its prior resolution.
The validity of the town’s procedures hinges, then, on whether the notice given to the public complied with statutory requirements, Inasmuch as zoning powers are delegated by the State *485 Legislature to local governing bodies, their exercise must be in strict compliance with the statutory procedures prescribed. (Merritt v. Village of Portchester, 71 N. Y. 309; Village of Williston Park v. Israel, 191 Misc. 6, affd. 276 App. Div. 968, mo. for lv. to app. den. 276 App. Div. 1013, affd. 301 N. Y. 713.) Section 264 of the Town Law states in the sentence immediately following the one quoted above: 11 However, no such regulation, restrictions or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least ten days’ notice of the time and place of such hearing shall be published in a paper of general circulation ”.
Section 68-423 of the Code of the Town of Islip, after recognizing the authority of the Town Board to change its zoning map, states: “ The Town Board by resolution adopted at a stated meeting shall fix the time and place of a public hearing on the proposed amendment and cause ten days’ public notice thereof to be given stating the purpose of the proposed amendment ”.
The published notice is the fundamental vehicle for communicating to the public any local legislative changes which affect residential interests. It may be the only informational source that warns local property owners of zoning changes affecting their land’s use and value, either adversely or beneficially, directly or indirectly. The viability of the statutory scheme of public hearing in relation to zoning changes is dependent upon proper advance notice.
The notice must be clear and unambiguous. It must be readily intelligible to the intended reader, the average citizen at large. The language used must inform the layman who is presumed to lack the technical knowledge of a zoning expert. The meaning of any particular notice must therefore be ascertained through lay eyes. (1 Rathkopf, Law of Zoning and Planning, p. 8-18, Supp. p. 151; see Albini v. Stanco, 61 Misc 2d 813, affd. 32 A D 2d 1042; Village of Sands Point v. Sands Point Country Day School, 2 Misc 2d 885, affd. 2 A D 2d 769.) It must definitively set out the nature of the zoning change, and, particularly when two zoning classifications are mentioned, must identify the zoning which is being proposed to replace present classifications. A purported notice which fails to adequately describe the contemplated change in zoning is not notice. (Albright v. Town of Manlius, 34 A D 2d 419, 426; Brachfeld v. Sforza, 114 N. Y. S. 2d 722, 725, app. dsmd. 282 App. Div. 1068.)
The published notice here was notably ambiguous. Without knowing the background of this particular zoning change, anyone *486 reading the notice that the hoard would ‘ ‘ reconsider * * * the resolution dated March 20, 1969 to change the zoning from Residence AAA * * * to Residence CA ’ ’ could not reasonably be informed which way the matter was going, particularly since the zoning was then Residence CA and the intent was to change to Residence AAA. Indeed, in notifying the public of this intended change, there seems little reason to have mentioned . the prior 1969 resolution at all, which necessarily complicated the language of the notice and incorporated a three-year-old occurrence that many people might have forgotten or been unaware of in 1972.
The town’s notice was so unclear that it was even expressed incorrectly by its own staff. The staff itself indicated the action was to be a change from Residence AAA to Residence CA, when in fact it w;as the reverse. The agenda for the public hearing on March 2, 1972 read: “ 1. Town Board Own Motion — Res AAA io Res CA— s/s/o Montauk Highway e/o East Shore Drive, Oakdale, N. Y. — Garden Apartments (Emphasis supplied.)
"Where inadequate public notice is given, any subsequent actions taken based upon that notice are likewise invalid. (See Paliotto v. Town of Islip, 31 Misc 2d 447, 454, revd. on other grounds 22 A D 2d 930; 1 Anderson, American Law of Zoning, § 4.14; cf. Iannarone v. Caso, 59 Misc 2d 212.) Accordingly, since adequate notice of the proposed zoning change pursuant to section 264 of the Town Law and section 68-423 of the Code of the Town of Islip was not given, the subsequent resolution adopted on April 4, 1972 implementing that change, was invalid and is therefore null and void. To this extent only, without consideration to the substantive validity of the present or proposed zoning classification, and without prejudice to the town’s proceeding to implement the zoning change in compliance with proper statutory procedures, summary judgment is granted in favor of plaintiffs. The motion for a change in venue of this motion is denied.
Submit judgment on notice.