312 A.2d 586.

FEDERAL BUILDING & DEVELOPMENT CORP. OF THE STATE OF RHODE ISLAND *vs.* TOWN OF JAMESTOWN *et al.*

DECEMBER 3, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This civil action was brought to challenge the validity of the enactment of certain amendments to the zoning ordinance of the town of Jamestown adopted in 1970 by the defendant town council. The matter was heard by a justice of the Superior Court sitting without a jury, who found that the 1970 amendment of the zoning ordinance of the town of Jamestown had been validly enacted by the town council and denied the plaintiff, Federal Building & Development Corp. of the State of Rhode Island (Federal), the relief sought. In this court the plaintiff is prosecuting an appeal from that decision.

Federal is the owner of a substantial tract of land, acquired by it in 1947, located on the west shore of Conanicut Island (Jamestown) at the easterly terminus of the Jamestown Bridge. Federal proceeded to develop the land, and recorded plats disclose that it consisted in 1947 of 1,912 building lots. The development is traversed from west to east by Eldred Avenue, a heavily traveled thoroughfare linking the easterly terminus of the Jamestown Bridge with the westerly terminus of the Newport Bridge. It appears that 49 of the platted lots front on Narragansett Bay and that a substantial number abut on Eldred Avenue. As originally platted, the area of most of the lots was 7,200 square feet.

Under the provisions of a zoning ordinance enacted in 1962,[1] most of the land in the Jamestown Shores development was zoned as residential, excepting some of the lots abutting on Eldred Avenue, which were zoned for business. That ordinance imposed no restriction as to the size of the lots zoned as residential. However, in 1967 the 1962 ordinance was amended, and under the terms of that amendment the residential lots on the development were zoned R-8 (8,000 square feet).

Following the adoption of the 1967 amendment, a civil action was instituted in Superior Court against the town of Jamestown, seeking to have the 1967 amendment declared null and void. On April 21, 1969, a justice of the Superior Court in that case granted a motion for summary judgment, holding that the "zoning amendment purportedly enacted by the Jamestown Town Council on January 9, 1967 was invalid." We affirmed in *DeLucia* v. *Town of Jamestown*, 107 R. I. 179, 265 A.2d 636 (1970). The record further discloses that in 1968, while the DeLucia matter was pending in the Superior Court, the town council further amended the zoning ordinance, as a result of which lot-size restrictions on the residential property in the Jamestown Shores development were changed from R-8 to R-20 (20,000 square feet).

In 1969, after the decision of the Superior Court in the *DeLucia* case invalidating the 1967 amendment, the town prepared a map entitled "Zoning Map 1969 Jamestown, R. I." for use at a public hearing on the question of amending the zoning ordinance in September of that year. The September hearing was postponed, but a hearing was subsequently held on February 16, 1970. Notice of the public hearing was advertised on January 23 and 30 and February

---

[1] The zoning ordinance in effect prior to 1962 was held invalid in *Commerce Oil Refining Corp.* v. *Miner*, 170 F.Supp. 396 (D. R.I. 1959).

6 and 13, 1970. This general amendment, which zoned all property within Jamestown Shores R-20, was adopted by the town council on February 24, 1970.

The instant action was first brought in March of 1967 and challenged the validity of the 1967 amendment to the ordinance of 1962. In May of 1968 plaintiff filed a supplemental complaint, alleging that the 1968 amendment was also invalid. Finally, in July of 1970 plaintiff filed an amended complaint, alleging that the amendments of 1967 and 1968 and the general amendment of 1970 were invalid. However, in the course of the trial below, Federal pursued only its challenge to the validity of the 1970 general amendment.

We direct our attention, first, to Federal's contention that the 1970 ordinance is void and of no effect because the town failed to give adequate notice of a public hearing prior to the enactment of said ordinance as is required by G. L. 1956 (1970 Reenactment) §45-24-4. It appears to be conceded that a notice of the proposed hearing was published in compliance with the provisions of §45-24-4 prescribing the time, place, and manner of the publication of such notice. The notice published indicated that there would be a "[p]ublic hearing upon the question of the enactment of a proposed general amendment to the Zoning Ordinance by the Town Council of the Town of Jamestown, Rhode Island." The advertisement further indicated that copies of the "proposed general amendment" were on file in the office of the town clerk.[2] The thrust of this contention is that

---

[2]The full text of the advertisement provided as follows:

"Public hearing upon the question of the enactment of a proposed general amendment to the Zoning Ordinance by the Town Council of the Town of Jamestown, Rhode Island.

"Notice is hereby given in accordance with Chapter 45-24-4 of the General Laws of Rhode Island 1956 as amended, that the Town Council of the Town of Jamestown will hold a public hearing at the Memorial Town Hall and Community Center, Conanicus Avenue, Jamestown,

the notice, as published, was insufficient as a matter of law under §45-24-4, as amended,[3] in that it did not reasonably inform the public of the proposed zoning changes that would be accomplished by an enactment of the ordinance, nor of the existing zoning classifications that would be directly affected thereby.

The trial justice held that the notice was sufficient because there was "[n]o evidence * * * presented which convinced [him] that the advertisement for the 1970 amendment was vague or insufficient to appraise interested parties of the action which the [Town] Council proposed and did take with respect to amending the zoning ordinance." Federal argues that the trial justice erred in so ruling, contending that the question of whether or not notice under §45-24-4 is sufficient constitutes a pure issue of law and not of fact. This court has so held. *DeLucia* v. *Town of Jamestown, supra.*

---

Rhode Island, on Monday, February 16, 1970, at 8:00 P.M. upon the question of the enactment of a proposed general amendment to the zoning ordinance of the Town of Jamestown.

"The proposed general amendment to the zoning ordinance and copies of said general amendment will be on file in the office of the Town Clerk, 71 Narragansett Avenue, Jamestown, Rhode Island, and may be seen and information obtained relative to its provisions at that office daily during business hours.

"At said hearing, opportunity shall be given all persons interested to be heard upon the matter of the proposed general amendment to the ordinance."

[3]General Laws 1956 (1970 Reenactment) §45-24-4 provides as follows: "No [zoning] ordinance which is general in scope shall be enacted, amended or repealed until after a public hearing has been held upon the question of the enactment, amendment or repeal of such ordinance, before the city or town council, as the case may be, * * * who shall give first notice of such public hearing specifying the time and place of such hearing by publication of such notice in a newspaper of general circulation within such city or town at least once each week for three (3) successive weeks prior to the date of such hearing, at which hearing opportunity shall be given all persons interested to be heard upon the matter of the proposed ordinance."

We are unaware of any decision of this court in which we considered the adequacy of the notice required by §45-24-4. The section requires the giving of constructive notice to the public in the form of a publication in a newspaper of general circulation in the area where it is proposed that the local legislature amend the terms of the general ordinance. We did, in *R. I. Home Builders, Inc.* v. *Budlong Rose Co.,* 77 R. I. 147, 74 A.2d 237 (1950), construe the meaning of the phrase prescribing that such notice be thus advertised "at least once each week for three (3) successive weeks prior to the date of such hearing * * * ."[4]

We have, however, on several occasions passed upon the question of what constitutes adequate notice of the pendency of a hearing when a petitioner prosecutes an appeal to a board of review pursuant to the provisions of G. L. 1956 (1970 Reenactment) §45-24-18.[5] Section 45-24-18 provides that where such an appeal is taken to a board of review, it must give public notice as well as due notice to the parties in interest.

Section 45-24-16 permits any person aggrieved by a decision of a municipal administrative officer to prosecute an appeal to the local board of review. We held in *Mello* v. *Board of Review,* 94 R. I. 43, 177 A.2d 533 (1962), that the question of a landowner's entitlement to a variance can be raised before a board of review by way of an appeal from the denial by a building inspector of an application for some

[4]In *Sullivan* v. *Faria,* 112 R.I. 132, 308 A.2d 473 (1973), this court modified the meaning to be given to the phrase "at least once each week for three (3) successive weeks prior to the date of such hearing" in *R.I. Home Builders, Inc.* v. *Budlong Rose Co.,* 77 R.I. 147, 74 A.2d 237 (1950).

[5]General Laws 1956 (1970 Reenactment) §45-24-18 provides as follows: "The board of review shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time. Upon the hearing any party may appear in person or by agent or by attorney."

sort of construction permit. We noted also the long-standing practice of landowners to by-pass the building inspector and make an original application to a board of review when it appeared that such officer would be compelled to deny the application for a construction permit. We went on to say at 48, 177 A.2d at 535: "Because of this practice, which is of long standing, we must construe an application to a board for a variance to be in the nature of an 'appeal' within the meaning of that term as it is used in subparagraph c. of §45-24-19 and that such an application is also in the nature of an 'appeal' as that term is used in §45-24-18, which requires the giving of notice when hearings are to be held on appeals to a board of review."

We held in *Mello* that the notice provision of §45-24-18 mandates strict compliance, is jurisdictional, and unless there has been strict compliance therewith, jurisdiction is not acquired. In that case we said at 49-50, 177 A.2d at 536: "However, to be sufficient, constructive notice must contain information that reveals the precise character of the relief sought by the application and the specific properties for which such relief is sought. Constructive notice that is deficient with respect to either of these aspects will not, in our opinion, subserve the purpose for which these hearings are held, that is, to assist the board to do substantial justice to an applicant while preserving the spirit of the ordinance under consideration."

Subsequently, in *Carroll* v. *Zoning Board of Review*, 104 R. I. 676, 248 A.2d 321 (1968), we made it abundantly clear that strict compliance is required. There we said: "To meet that requirement—and it is a due process requirement—the rule has developed that the notice, if it is to be adequate and sufficient, must in addition advise concerning the precise character of the relief sought and the specific property for which that relief is sought." *Id.* at 679, 248 A.2d at 323.

Sections 45-24-4 and 45-24-18 mandate constructive no-

tice of the pendency of the hearing that is expressly prescribed in each statute. There is, in our opinion, no sound reason for treating the notice provision of §45-24-4 as requiring a lesser disclosure than that which we have repeatedly held is required by the notice provisions of §45-24-18. The sections are not inconsistent one with the other, relate to the same subject matter, and are in *pari materia*. That being so, they should be considered together so that they will harmonize with each other and be consistent with the objective and scope of the statute. *Providence Teachers Union, Local 958* v. *School Committee*, 108 R. I. 444, 449, 276 A.2d 762, 765 (1971).

Applying §45-24-4 thus construed, we are of the opinion that the notice required therein must be such as to reasonably inform the ordinary landowners in a community of the nature of the change proposed and the zoning classifications that would be affected thereby. This is not to say that constructive notice as required by §45-24-4 must be as specific as the notice required under §45-24-18. We recognize that §45-24-4 contemplates notice where the proposed zoning changes will result from legislative action to amend the ordinance and affect, in substantial part at least, overall patterns of zoning classification. Obviously, §45-24-18 contemplates notice given with respect to specific tracts or parcels of land, the classification of which may be altered or affected by the action of the board of review. However, the constructive notice required by §45-24-4 must, as we have said, be sufficient to enable the landowners in a community to ascertain therefrom whether or not the proposed change would affect zoning classifications which attach to their land.

It is not enough that the notice convey to one versed in the law of zoning adequate information as to what changes the proposed ordinance would bring about. "The notice must be clear and unambiguous. It must be readily intelli-

gible to the intended reader, the average citizen at large. The language used must inform the layman who is presumed to lack the technical knowledge of a zoning expert." *Vizzi* v. *Town of Islip*, 71 Misc.2d 483, 485, 336 N.Y.S.2d 520, 523 (1972).

The notice in the instant case, in our opinion, is devoid of any disclosure that would suffice to meet the test we thus establish. It is true that the notice did inform the interested public that copies of the proposed ordinance were available at the office of a town official where they could be examined, but this is hardly sufficient to give the appropriate information to the average property owner in the community. It is our conclusion, then, that the respondent town council was without jurisdiction to enact the proposed zoning ordinance and that it is, therefore, null and void. Because we reach this conclusion, it is not necessary that we consider other contentions raised by the plaintiff in its brief.

The appeal of the plaintiff is sustained, the judgment below is reversed, and the cause is remanded to the Superior Court for further action.

Petition for reargument denied.

*George C. Berk, Caidin, Kalman, Hartman & Sampson, Newton Kalman,* Beverly Hills, California, for plaintiff.

*Letts, Quinn & Licht, Jerome B. Spunt, Robert N. Huseby, Daniel J. Murray,* Town Solicitor, for defendants.