**L.A. RAY REALTY**

v.

**The PLANNING BOARD OF the TOWN OF CUMBERLAND et al.**

**MACKLANDS REALTY, INC.**

v.

**The PLANNING BOARD OF the TOWN OF CUMBERLAND et al.**

**Nos. 90–190–Appeal, 90–191–Appeal.**

Supreme Court of Rhode Island.

Feb. 7, 1992.

Michael Kelly, John Webster, Adler, Pollock & Sheehan, Providence, for plaintiffs.

Richard E. Kirby, Woonsocket, for defendants.

## OPINION

MURRAY, Justice.

The plaintiff L.A. Ray Realty (L.A. Ray) appeals from a Superior Court order denying its motion for summary judgment and dismissing its action against the defendant, the Planning Board of the Town of Cumberland (planning board). The plaintiff Macklands Realty, Inc. (Macklands), also appeals from the same Superior Court order denying its motion for summary judgment and dismissing its complaint against the planning board. The cases are consolidated before us, and in light of our holding in this appeal's companion case, *L.A. Ray Realty, Inc. v. The Town Council of the Town of Cumberland,* 603 A.2d 311 (R.I. 1992), *infra,* we find that the issues raised are moot. Accordingly we deny the plaintiffs' appeals.

Although plaintiffs' claims are mooted by our holding in *L.A. Ray Realty, supra,* a brief summary of the facts is necessary to understand the procedural termination of the instant appeals. Both plaintiffs are real estate developers attempting to subdivide and develop property in Cumberland, Rhode Island. In 1956 Macklands pur-chased 104 acres of land zoned Agricultural A which, under the then existing Cumberland zoning ordinance, enabled it to subdivide and develop the property for construction of single-family residences. Macklands estimates that its parcel can be divided into approximately 115 single-family residences.

Macklands initiated the subdivision process in 1986. Among the actions it took were: (1) hiring professional engineers to prepare and present the proposed subdivision to the planning board; (2) submitting applications to the appropriate Cumberland officials; (3) hiring a traffic engineer to prepare a traffic survey; and (4) presenting the proposal at planning board meetings between 1986 and 1988.

L.A. Ray purchased fifty-four acres of land zoned Agricultural A in August 1987. In September 1987 L.A. Ray initiated a subdivision on part of its property, and on July 18, 1988, the planning board granted preliminary approval to this proposal. In April 1988 L.A. Ray initiated a second subdivision on the property. The planning board granted preapplication approval for this subdivision on August 18, 1988, and later granted preliminary approval on November 1, 1988.

On November 8, 1988, Cumberland voters passed a referendum mandating a two-acre-minimum lot size for all land zoned Agricultural A. At a meeting subsequent to the referendum, the planning board voted to deny plaintiffs' pending subdivision proposals because the subdivision plans failed to comply with the new two-acre lot size. The referendum was later codified by the town council on January 18, 1989.

Both plaintiffs filed complaints and motions for summary judgment in Superior Court. On June 28, 1989, the trial justice denied the summary-judgment motions and remanded the case to the planning board for a determination on the record of whether plaintiffs substantially relied upon, and were accordingly subject to the provisions of the original zoning ordinance. The planning board conducted a hearing and deter-

mined that plaintiffs had not substantially relied upon the prior ordinance.

After the hearing both plaintiffs renewed their motions for summary judgment. On February 21, 1990, the trial justice issued an order denying their renewed summary-judgment motions and granting defendant's countermotion for summary judgment. The trial justice further treated defendant's countermotion as a motion to dismiss sua sponte and dismissed plaintiffs' cases on all counts. Both plaintiffs appealed.

Each plaintiff raises the same two issues of error. First, plaintiffs claim that the trial justice initially erred in remanding the matter to the planning board for a factual determination of plaintiffs' substantial reliance on the pre-existing ordinance. The plaintiffs assert that the planning board is a statutory body of limited powers promulgated under G.L.1956 (1988 Reenactment) chapter 23 of title 45. Specifically, plaintiffs contend that a planning board's power is derived from its enabling legislation and that the enabling legislation does not endow a planning board with the power to make findings of fact or the power to make equitable determinations. Consequently, plaintiffs claim that the trial justice erred in remanding the case to the planning board because the planning board was not empowered by the Legislature to make findings of fact. Second, plaintiffs assert that the trial justice erred in denying plaintiffs renewed motion for summary judgment. The plaintiffs contend that there were no genuine issues of material fact and that as a matter of law they were entitled to summary judgment. We find that plaintiffs' appeals are moot.

In *L.A. Ray Realty, supra,* we ruled that the ordinance initiated by the November 8, 1988 referendum is invalid because it is inconsistent with the provisions chapters 23 and 24 of title 45. Accordingly the referendum-initiated zoning ordinance is defective and the pre-existing ordinance is still in effect. As a result the plaintiffs' petitions are governed by the pre-existing ordinance, and the plaintiffs' claims concerning the application of the defective referendum are moot.

For this reason the plaintiffs' appeals are denied and dismissed, and the judgment of the Superior Court is affirmed.